ECHO LAKE CONCERNED CITIZENS HOMEOWNERS ASSOCIATION, INC., Plaintiff-Appellant, *v.* THE VILLAGE OF LAKE ZURICH *et al.*, Defendants-Appellees.

Second District   No. 76-243

Opinion filed February 7, 1979.

SEIDENFELD, J., specially concurring.

Gordon, Brustin & Schaefer, of Chicago, for appellant.

Fred Weiszmann, of Northbrook, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This case arises out of the annexation and rezoning of certain previously unincorporated property by the Village of Lake Zurich, Illinois. On September 11, 1968, the village signed a pre-annexation agreement with Mueller-Groscup, Inc., the owner of the property in question, which provided that part of the property zoned for single-family homes by Lake County would be rezoned as a multiple dwelling district by the village after the annexation. The annexation became final when an annexation ordinance, together with the related zoning, was passed by the village on February 3, 1969. The ordinance was recorded on April 1, 1969.

The procedural history of this case is quite involved. Four years after the annexation and rezoning, on January 31, 1973, plaintiff, Echo Lake Concerned Citizens Homeowners Association, Inc. (hereinafter Association), filed a two-count complaint against the village, Mueller-Groscup and two individual officers of Mueller-Groscup. The Association represents a group of homeowners whose property is near the property in question. The complaint sought an injunction and declaratory judgment that the pre-annexation agreement had no legal effect and asked the trial court to restrict the use of the property in question to single family homes.

The Association alleged that the defendants had not followed the proper procedures in passing the annexation ordinance and allowing the rezoning and also that multiple-family zoning on the property in question was unconstitutional.

The defendants moved to dismiss the complaint and the trial court struck count I of the complaint with leave to amend. An amended two-count complaint (hereinafter the first amended complaint) was filed on May 15, 1973. Count I of the first amended complaint, which again named the Association as plaintiff and the village, Mueller-Groscup and its two officers as defendants, challenged the constitutionality of the rezoning but did not directly seek to void the annexation. The second count was brought solely in the name of a new plaintiff, Echo Lake Community Corp., another not-for-profit Illinois corporation (hereinafter the Corporation), and added the County of Lake to the original group of defendants. This count asked that the plaintiffs be declared to be the sole owners of Echo Lake and "that the defendants be enjoined from using said lake for any purpose whatsoever." Defendant officers of Mueller-Groscup filed two counterclaims. The first was against the plaintiff Echo Lake Concerned Citizens Homeowners Association, the village and the Building Commissioner of the village and asked for relief to enable the construction of multiple-family units on the property in question. The second counterclaim was brought solely against the Echo Lake Community Corp. Like count II of the complaint, it involved the right to use Echo Lake. Both counterclaims were dismissed but defendants were given leave to amend the second counterclaim and did so on February 26, 1974.

Count I of plaintiffs' first amended complaint was subsequently dismissed as to the defendant village. Plaintiff Association appealed. By order we dismissed the appeal because the trial court did not find "no reason for delaying enforcement or appeal therefrom," as required for our jurisdiction under Supreme Court Rule 304(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 304(a)). We indicated at that time, however, that if the trial court were to subsequently make the required finding we would hear the appeal on the original briefs.

On January 28, 1976, plaintiffs moved for leave to file a second amended complaint in the trial court. On February 5, 1976, the remaining individual defendants and Mueller-Groscup moved that count I of the first amended complaint be dismissed as to them. On the same day the trial court dismissed count I with regard to all defendants and found "no just cause for delaying enforcement or appeal therefrom." In a separate order the trial court denied plaintiffs' motion for leave to file a second amended complaint but without including the "just cause" language cited above. Plaintiff Association filed a notice of appeal asking that we reverse

the trial court's order dismissing count I with regard to all defendants. Subsequently, plaintiffs have questioned the order denying leave to file a second amended complaint. By order we permitted amendment of the record to include the text of the second amended complaint. Plaintiffs then moved in our court for leave to dismiss count II of the complaint or for alternative relief. Defendants objected to such a dismissal on the grounds that counterclaims were still pending.

There are three questions before us. The dismissal of count I of plaintiffs' first amended complaint; the denial of plaintiffs' motion for leave to file a second amended complaint; and plaintiffs' motion in this court to dismiss count II of the first amended complaint.

In its motion to dismiss count I, defendant village alleged that the count was barred by time limitations set forth in section 7—1—46 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 7—1—46), and also that plaintiffs were guilty of laches. The trial court agreed that the action was barred by statute. Count I was dismissed as to the Village on that basis but no ruling was made on the question of laches.

Plaintiffs raise three claims in connection with this dismissal. They begin by contending that the count is not barred by the statute of limitations for contesting annexations. The Illinois Municipal Code includes the following:

> "§7—1—46. Neither the People of the State of Illinois nor any person, firm or corporation, public or private, nor any association of persons shall commence an action contesting either directly or indirectly the annexation of any territory to a municipality unless initiated within one year after the date such annexation becomes final or within one year of the effective date of this amendatory Act of 1965 whichever date occurs latest." (Ill. Rev. Stat. 1973, ch. 24, par. 7—1—46.)

Plaintiffs' action was begun more than one year after the date of annexation became final. Therefore, if count I falls within the scope of this statute, the trial court ruled correctly.

Plaintiffs make two separate arguments in an attempt to circumvent the effect of the one-year statute of limitations. First, they stress that the first amended complaint, unlike the original complaint, was directed only at the rezoning and did not expressly challenge the validity of the pre-annexation agreement or the annexation. Defendants argue in response that "the annexation is specifically conditioned upon the establishment and approval by the Village of the requested multiple family zoning."

Thus, at issue is whether plaintiffs can successfully attack the rezoning without at least indirectly contesting the annexation. Several parts of the pre-annexation agreement emphasize that the rezoning of the

property was a prerequisite to the annexation. The preamble to the agreement includes the following.

"WHEREAS, the Owner has previously filed with the Village a Petition for Annexation to the Village of the property described herein, which annexation is subject, however, to the approval by proper Village authorities of pre-annexation multiple-family and single-family dwelling zoning * * *."

The body of the agreement provides that:

"[N]ot withstanding the present ordinances of the Village, the Owner shall be permitted to construct, in those areas designated as multiple-family dwelling, buildings to a height of five stories, provided that the average land area per multiple dwelling unit shall not be less than 2500 square feet.

[T]he Village will classify Lots 1 through 9 in Block 4 and Lots 16, 17 and 18 in Block 5 of the proposed subdivision . . . under the provisions of its zoning ordinance, as and for multiple-dwelling with the provision that said area may be improved with multiple dwellings * * *."

Thus, if the pre-annexation agreement is to be given any legal force, a successful attack on the rezoning could lead to a suit by the owners to declare the annexation void. The parties intended that the agreement be enforceable, stating that:

"[T]his agreement shall be binding upon the Owner and its successors in title, assignees or nominees, and upon the successors of municipal authority of the Village for a period of five years from the date hereof. Either party to this agreement may, in law or in equity, by suit, action, mandamus or other proceeding, endeavor to enforce and compel performance of this agreement."

■■ ■ More significantly, conditional pre-annexation agreements are enforceable for up to 10 years according to statute in Illinois. (See Ill. Rev. Stat. 1975, ch. 24, par. 11—15.1—1 *et seq.*) We upheld such an agreement in *Elm Lawn Cemetery Co. v. City of Northlake* (1968), 94 Ill. App. 2d 387, 237 N.E.2d 345.

■ Second, plaintiffs attempt to circumvent the one-year statute of limitations by raising a jurisdictional question, emphasizing that the statutory time limitation does not apply if the "judge, body or officer annexing the territory did not at the time of such annexation have jurisdiction of the subject matter." (Ill. Rev. Stat. 1973, ch. 24, par. 7—1—46.) Plaintiffs' first amended complaint alleges that the application for annexation and rezoning was referred to the village planning commission, which deferred the matter for 30 days, and that despite this deferral, the village board of trustees, during that time, approved the agreement and

rezoned the property in question. It is plaintiffs' contention that once the village board of trustees turned the case over to the planning commission it lost the subject matter of jurisdiction and had no power to enact the ordinance until the planning commission completed its investigation. Plaintiffs rely on *Vitarelli v. Seaton* (1959), 359 U.S. 535, 3 L. Ed. 2d 1012, 79 S. Ct. 968, which held that where an executive agency gratuitously chooses to grant a hearing to a dismissed employee it must follow its own rules of procedure as to such hearings. Plaintiff, however, fails to cite the village ordinance which regulates the zoning procedures. As a result, it is not clear that the village failed to follow its own procedures. Moreover, *Vitarelli* did not indicate that such a defect is of a jurisdictional nature. Subject matter jurisdiction goes to the question of whether a body has the lawful authority to deal with the particular subject. Il is not concerned with whether the body used appropriate procedures in doing so. As the elected officials of the village had the lawful power to grant or deny applications for zoning, they had the subject matter jurisdiction required by the statute.

■■ Plaintiffs further contend that they were not guilty of laches. Although this question has been argued by both sides on appeal, there was no finding on the issue of laches by the trial court. Given the lack of any ruling by the trial court, as well as our holding on the statute of limitations, there is no reason for us to determine whether plaintiffs were, in fact, guilty of laches.

■■ Plaintiffs' final claim with regard to dismissal of the first amended complaint is that the dismissal order of April 18, 1974, did not adequately deal with the issues raised therein. The order of dismissal by the trial court stated that the matters alleged in the amended complaint have already been determined by order of the court on April 3, 1973, disposing of plaintiffs' original complaint. Plaintiffs argue that this was insufficient because their amended complaint was not identical with the complaint dismissed on April 3, 1973, in that it did not expressly attack the annexation. If the trial court had done nothing but refer to the earlier order plaintiffs' position might have some merit. This, however, is not the situation here. The trial court also explained precisely why the complaint was still defective, finding that it was an attack, although indirect, upon the annexation and, therefore, like the original complaint, barred by the one-year statute of limitations. This explanation, going directly to why plaintiffs' amendments did not save their complaint, was an adequate treatment of the matters raised therein.

■■ The Association also asks that we reverse the order of the trial court denying leave to file a second amended complaint. Plaintiffs' notice of appeal, however, refers only to the order dismissing count I and says

nothing about the separate order concerning the second amended complaint. Moreover, whatever the contents of the notice of appeal, the denial of the leave to file is not an appealable order. As it only concerns one count of a two-count complaint, it is a partial final judgment which requires the "no just reason" language of Supreme Court Rule 304(a) in order to be appealable. No such language is present in this second order of February 5, 1976. Because of this, as well as because of its omission from the notice of appeal, we must dismiss any attempted appeal regarding the second amended complaint due to a lack of jurisdiction.

■■ Plaintiffs have also moved our court to voluntarily dismiss count II of their complaint or, in the alternative, to remand to the trial court where they would dismiss count II. Defendants have objected to this dismissal and pointed out that their amended counterclaim is still pending. Defendants' objection is well taken. Section 52 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 52) provides that:

> "After a counterclaim has been pleaded by a defendant no [voluntary] dismissal may be had as to him except by his consent."

Thus, we cannot grant plaintiffs' motion to dismiss count II.

After examining the record herein and hearing the arguments of counsel, we hereby affirm the February 5, 1976, order of the trial court dismissing count I of plaintiffs' first amended complaint; we dismiss the appeal with regard to the order denying plaintiffs leave to file a second amended complaint; and deny plaintiffs' motion to dismiss count II of the first amended complaint.

Affirmed in part, dismissed in part and denied in part.

WOODWARD, J., concurs.

Mr. JUSTICE SEIDENFELD, specially concurring:

I agree with the result but do not agree with all that is said in the opinion. In my view the plaintiffs are barred by laches. They waited for over four years to sue and in the interval both the village and the developers have expended substantial moneys in reliance on the annexation and the zoning. See *Slatin's Properties, Inc. v. Hassler,* 53 Ill. 2d 325, 329-30 (1972). See also *Di Santo v. City of Warrenville,* 59 Ill. App. 3d 931, 940 (1978).

However, I disagree with the majority's importation of the statute of limitations applicable to annexation (Ill. Rev. Stat. 1977, ch. 24, par. 7—1—46) to the plaintiffs' attack on the zoning, not the annexation. The majority holds that an attack on the zoning is a collateral attack on the

annexation. However, this does not necessarily follow. A court in determining the constitutionality of zoning or its procedural aspects need not inquire into the validity of the annexation.

The landowners here had a contractual right to R-4 zoning for a period of five years after February 3, 1969. Hence, it appears that the landowners have no contractual right at present to any particular type of zoning since the five years have expired. However, if a trial court were to find that the challenged zoning was null and void from its inception because of some substantial procedural defect, then it appears that the landowners would have a cause of action against the village for breach of contract. (See Ill. Rev. Stat. 1977, ch. 24, par. 11—15.1—4.) The landowners, arguably, could sue for money damages; or, arguably, the landowners would be entitled to disconnection. (Ill. Rev. Stat. 1977, ch. 24, par. 7—3—6.) The prospect of a law suit by the landowners against the village, however, does not give this court warrant to import a statute of limitations, which deals only with annexation ordinances, into an area of law where it has no application.

I also disagree with the majority's view that the denial of leave to file an amended complaint is "a partial final judgment." It was not a final judgment at all. (See *Gray v. Starkey*, 41 Ill. App. 3d 555, 558 (1976).) The ruling, however, was made prior to the dismissal of count I with prejudice and the trial judge's action in refusing to allow a restated count I is part of the record which is brought before us by the notice of appeal. (See *Hillmer v. Chicago Bank of Commerce*, 375 Ill. 266, 272-73 (1940).) But in view of the laches of the plaintiffs there was no abuse of discretion in refusing the amendment offered more than 7 years after the enactment of the zoning ordinance.