THE PEOPLE *ex rel.* FRED L. FOREMAN, State's Attorney of Lake County, *et al.*, Plaintiffs-Appellants, v. THE VILLAGE OF ROUND LAKE PARK *et al.*, Defendants-Appellees.

Second District   No. 2—87—0031

Opinion filed April 15, 1988.—Modified on denial of rehearing July 15, 1988.

444

Neil F. Hartigan, Attorney General, of Springfield, and Fred L. Foreman, State's Attorney, of Waukegan (Larry M. Clark, Assistant State's Attorney, of counsel), for appellants Fred L. Foreman and County of Lake.

Victor P. Filippini, Jr., and Margaret R. Garcia, both of Burke, Bosselman & Weaver, of Chicago (Clifford L. Weaver, of counsel), for other appellants.

James P. Chapman, of James P. Chapman & Associates, Ltd., of Chicago (Alan Mills, of counsel), for appellees La Salle National Bank and William Alter.

Diane I. Jennings, of Lord, Bissell & Brook, of Chicago, and Howard R.

Teegen, of Soffietti, Johnson, Teegen & Phillips, Ltd., of Fox Lake (Robert J. Pugliese, of counsel), for appellee Village of Round Lake.

JUSTICE DUNN delivered the opinion of the court:

Defendant, Village of Round Lake Park, annexed approximately 600 acres of farmland owned by defendants, La Salle National Bank, as trustee, and William Alter. Round Lake Park also passed ordinances which approved an annexation agreement pertaining to the Alter property and which rezoned the property. Plaintiffs, several local governmental entities in Lake County, filed this action for declaratory judgment and injunctive relief, challenging the validity of the annexation agreement and the rezoning.

Approximately 4½ years after this action was filed, defendants sought leave to amend their answers to include a statute of limitations defense. The trial court allowed defendants to so amend their answers. The trial court then denied plaintiffs' motion for reconsideration and granted judgment on the pleadings for defendants. Plaintiffs now appeal from the denial of the motion to reconsider the grant of defendants' motion to amend their answers and the entry of judgment on the pleadings. For the reasons set forth below, we affirm.

The ordinance annexing the Alter property was adopted on August 25, 1976. On the same date, Round Lake Park passed an ordinance rezoning the Alter property from agricultural to the 4-I "Light Industrial" zoning district of the Round Lake Park zoning ordinance. Round Lake Park also approved an annexation agreement relating to the Alter property which, among other things, waives certain provisions of the zoning ordinance.

This action began on June 3, 1981, when plaintiffs filed suit challenging Round Lake Park's annexation and rezoning of a separate 1,800-acre parcel known as the Heartland property. Plaintiffs filed an amended complaint on March 22, 1982, which, in addition to the Heartland action, challenged for the first time the validity of the Alter property annexation agreement and rezoning. Defendants' answers to the first amended complaint raised as an affirmative defense the statute of limitations.

In June 1983, the claims relating to the Heartland property and the Alter property were severed. On August 1, 1983, plaintiffs filed a second amended complaint relating only to the Alter property. Defendants' answers to the second amended complaint did not raise the statute of limitations defense. On September 16, 1986, defendants sought leave to amend their answers to include the statute of limitations defense. Defendants were allowed to amend, and discovery was

reopened so that Round Lake Park could produce for plaintiffs the resolution approving the annexation petitions, but Round Lake Park informed the plaintiffs that it could not locate the resolution. Plaintiffs sought reconsideration of the order allowing defendants to amend, but the motion was denied, and judgment on the pleadings for defendants was granted. Plaintiffs filed a timely notice of appeal.

There have also been two motions taken with the case. The first is defendants' motion to supplement the record on appeal with certain documents pertaining to a related Federal case, to which plaintiffs have objected. The second is plaintiffs' motion to strike certain portions of defendants' brief.

Plaintiffs first argue that the trial court erred in allowing defendants to amend their answers to include a statute of limitations defense. Plaintiffs recognize that a trial court's decision to allow or deny amendments will not be disturbed on review absent an abuse of discretion (*DiBenedetto v. County of Du Page* (1986), 141 Ill. App. 3d 675, 681), but plaintiffs contend that the trial court abused its discretion in allowing the amendments here in several respects. After reviewing these arguments, however, we find no abuse of discretion.

■ Section 2—616(a) of the Code of Civil Procedure specifically provides that amendments adding new defenses may be allowed at any time prior to final judgment. (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(a).) This court has consistently held that the provisions of that section are to be liberally construed. (*Adams v. Zayre Corp.* (1986), 148 Ill. App. 3d 704, 710; *Hoffman v. Nustra* (1986), 143 Ill. App. 3d 259, 265.) Furthermore, "[d]oubts should be resolved in favor of allowing amendments." *Blazina v. Blazina* (1976), 42 Ill. App. 3d 159, 165.

Plaintiffs argue that the trial court abused its discretion in allowing defendants to add a defense which was available from the day the action was filed, nearly 4½ years before the amendment in question was sought. Plaintiffs note that the decision on which defendants base their amended affirmative defense should have been known to defendants at the time their original answer was filed. Plaintiffs also point to numerous opportunities defendants had to attack the complaint during the 4½ years and argue that defendants should have been required to explain why their statute of limitations defense was not offered earlier.

It is true that courts often disapprove of late amendments regarding matters of which the pleader knew at the time of the original pleading and for which the pleader offers no good reason for omitting in the original pleading. (*Hoffman v. Nustra* (1986), 143 Ill. App. 3d

259, 266; *Blazina v. Blazina* (1976), 42 Ill. App. 3d 159, 165.) This is especially so if the opposing party would be prejudiced by the amendment or the nature and quality of proof required would be altered. (*Blazina*, 42 Ill. App. 3d at 165.) Conversely, courts have upheld amendments regarding such matters if the opposing party would not be prejudiced thereby. *Adams v. Zayre Corp.* (1986), 148 Ill. App. 3d 704, 711.

■ We do not believe that plaintiffs were unduly prejudiced by the amendment allowed here. Cases where prejudice has been found most often concern amendments made during or immediately before trial or where it is too late for the opposing party to adequately respond to the amendment. (See, *e.g.*, *DiBenedetto v. County of Du Page* (1986), 141 Ill. App. 3d 675, 681-82.) In this case, although a motion for summary judgment was pending, trial had not begun. The statute of limitations defense raised by defendants did not require additional investigation by either party since the relevant dates were not in question. Although plaintiffs counter that they were prejudiced because they had spent substantial time and resources investigating the claims and preparing prosecution in reliance on the pleadings, parties naturally incur a variety of expenses in the course of any litigation. While plaintiffs' expenses would certainly have been less if defendants had earlier raised the statute of limitations defense, it does not appear that the additional expenses incurred constitute the prejudice necessary to require denial of defendants' motion to amend. See, *e.g.*, *Marcus v. National Life Insurance Co.* (7th Cir. 1970), 422 F.2d 626.

Plaintiffs also argue that they were prejudiced because evidence critical for their response to the statute of limitations defense—the resolution of the Round Lake Park Board of Trustees approving the annexation petitions—was lost during the delay. Once again, however, plaintiffs have failed to establish prejudice requiring reversal. Plaintiffs have not indicated how the resolution is relevant to the limitations issue. The unavailability of a document, which has not been shown to be relevant to the defense raised, cannot be deemed so prejudicial that defendants should be denied the opportunity to raise the defense.

Finally, plaintiffs argue that the trial court abused its discretion in allowing the amendment because defendants' course of conduct throughout this case shows a program of delay. True, defendants have often missed filing deadlines during this case, sometimes by substantial periods. Such delays do not seem related, however, to the motion to amend. The case plaintiffs cite, *Cvengros v. Liquid Carbonic Corp.*

(1981), 99 Ill. App. 3d 376, does not stand for the proposition that a party should be denied an opportunity to amend pleadings for unrelated delays.

In light of the policy favoring liberal allowance of amendments, it does not appear to us that the trial court abused its discretion here in allowing defendants to amend their answers to raise a statute of limitations defense. It has been said that a test for whether a trial court's discretion has been properly exercised is whether the amendment furthers the ends of justice. (*DiBenedetto v. County of Du Page* (1986), 141 Ill. App. 3d 675, 681.) By allowing the amendment here, the trial court was able to give consideration to a possibly legitimate statute of limitations defense which, if upheld, would eliminate the necessity and expense of a trial. The ends of justice have been served here by at least allowing defendants to pursue their defense.

Plaintiffs next argue that the trial court erred in entering judgment for defendants. Plaintiffs contend that the motion for judgment on the pleadings should have been denied on both procedural and substantive grounds. Prefacing their procedural argument by noting that motions for judgment on the pleadings are ordinarily brought before discovery, plaintiffs argue that the motion for judgment on the pleadings here was untimely. Plaintiffs argue that defendants had already waived the statute of limitations defense before the motion for judgment was filed. In addition, plaintiffs argue that defendants should have been estopped from raising the statute of limitations defense.

■ Defendants respond that both waiver and estoppel are affirmative claims which must be raised and established by the party asserting them. (*Pantle v. Industrial Comm'n* (1975), 61 Ill. 2d 365, 369.) Defendants argue that plaintiffs here are guilty of waiving the waiver issue because plaintiffs did not raise the issue before the trial court. An examination of plaintiffs' memorandum in opposition to defendants' motion for judgment on the pleadings reveals that, while plaintiffs did argue estoppel, they did not argue waiver. Although plaintiffs now claim that their citation to the trial court of a case dealing with both estoppel and waiver preserved the waiver issue, the citation of that case was clearly as an argument for estoppel. Estoppel and waiver, while similar in effect, are two different claims. (*Northern Trust Co. v. Oxford Speaker Co.* (1982), 109 Ill. App. 3d 433, 438.) Issues not raised in the trial court are considered waived on appeal (*Lemke v. Kenilworth Insurance Co.* (1985), 109 Ill. 2d 350, 355); so, strange as it may sound, we find that plaintiffs have waived the waiver issue.

■ Even if plaintiffs had not waived this issue, we could not con-

clude that defendants' delay in raising the statute of limitations defense constituted waiver. As was stated in language particularly suited to this case, "[f]ailure to plead an affirmative defense does not constitute waiver, and prior to entry of final judgment, the trial court, in its sound discretion, may permit a party to file an amended answer raising the affirmative matter." (*Uscian v. Blacconeri* (1975), 35 Ill. App. 3d 80, 84; see *Morris v. City of Chicago* (1985), 130 Ill. App. 3d 740, 745.) Since defendants sought and were granted leave to amend pursuant to section 2—616 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—616), they can hardly be said to have waived the defense.

■ Nor does it appear that defendants should have been estopped from raising the statute of limitations defense. As defendants correctly note, the cases on which plaintiffs rely for their argument of estoppel involved defendants' conduct prior to the filing of suits, which induced plaintiffs to forego filing until after the limitations periods had expired. (See, *e.g.*, *Pantle v. Industrial Comm'n* (1975), 61 Ill. 2d 365, 371.) No such conduct is alleged here. Although plaintiffs argue that the expenditures made in the course of this action should estop defendants from raising the limitations defense, citing *Cities Service Oil Co. v. City of Des Plaines* (1961), 21 Ill. 2d 157, the expenditures induced by the estopped party there were not related solely to the lawsuit. Plaintiffs have cited no cases where the normal costs associated with pursuing a lawsuit have resulted in a defendant being estopped from amending an answer to include a statute of limitations defense, and we decline to impose such a rule now.

■ Plaintiffs next argue that the trial court erred in granting judgment on the pleadings because the grounds for doing so do not appear on the face of the pleadings as required by section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615). The statute of limitations in question here, section 7—1—46 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—46), limits direct and indirect attacks on annexations to one year. Plaintiffs note that the complaint does not directly attack the annexation or seek relief invalidating the annexation. Even though the statute of limitations also limits indirect attacks on annexations, plaintiffs argue that it is a factual question whether the complaints here are indirect attacks on the annexation of the Alter property.

This argument is not persuasive. The pleadings include copies of the annexation ordinance, the annexation agreement, and the rezoning ordinance. The relationship and interdependence of these documents is apparent from the language contained therein. No facts out-

side the pleadings themselves were necessary for the trial court to conclude, correctly or incorrectly, as will be addressed below, that this action is an indirect attack on the annexation of the Alter property. Thus, we conclude there was no procedural error in the grant of defendants' motion for judgment on the pleadings.

■ Plaintiffs also contend that the trial court erred substantively in granting judgment for defendants. The basis for the trial court's ruling here appears to have been the application of section 7—1—46 of the Municipal Code as set forth by this court in the case of *Echo Lake Concerned Citizens Homeowners Association, Inc. v. Village of Lake Zurich* (1979), 68 Ill. App. 3d 219 (*Echo Lake*), since that was the only argument raised by defendants in their motion to dismiss. Plaintiffs argue that *Echo Lake* does not apply to this action, but after considering the distinctions plaintiffs set forth, we find that *Echo Lake* is almost directly on point.

In *Echo Lake*, the Village of Lake Zurich entered into a preannexation agreement with owners of certain property which provided that part of the property would be rezoned after annexation for multiple dwelling. The annexation ordinance and the related rezoning were passed by the village on the same day. Four years after the annexation and rezoning, the *Echo Lake* plaintiffs, representatives of a group of homeowners near the property in question, brought suit against the village and the property owners seeking an injunction restricting the use of the property to single-family homes and a declaratory judgment that the preannexation agreement had no legal effect. The plaintiffs there alleged that defendants had not followed proper procedures in passing the annexation ordinance and rezoning and that the rezoning was unconstitutional. *Echo Lake*, 68 Ill. App. 3d at 220-21.

The original complaint was dismissed, but the plaintiffs filed an amended complaint. The amended complaint challenged the constitutionality of the rezoning but did not directly seek to void the annexation. Defendants again moved to dismiss the complaint as barred by the time limitations set forth in section 7—1—46 of the Municipal Code, and the motion was granted. (*Echo Lake*, 68 Ill. App. 3d at 221.) That section provided:

> "Neither the People of the State of Illinois nor any person, firm or corporation, public or private, nor any association of persons shall commence an action contesting either directly or indirectly the annexation of any territory to a municipality unless initiated within one year after the date such annexation becomes final or within one year of the effective date of this

amendatory Act of 1965 whichever date occurs latest [*sic*]."
(Ill. Rev. Stat. 1973, ch. 24, par. 7—1—46.)
That language of the statute remains unchanged today.

On appeal, the plaintiffs made two arguments. They first stressed that the amended complaint was directed only at the rezoning and did not expressly challenge the validity of the preannexation agreement or the annexation. The court narrowed the issue to whether the plaintiffs could "successfully attack the rezoning without at least indirectly contesting the annexation." (*Echo Lake*, 68 Ill. App. 3d at 222.) The court noted that several parts of the preannexation agreement, including the preamble, emphasized that rezoning of the property was a prerequisite to the annexation. (*Echo Lake*, 68 Ill. App. 3d at 222-23.) The court concluded that if the preannexation agreement were to be given any legal force, a successful attack on the rezoning could lead to a suit by the owners to declare the annexation void. *Echo Lake*, 68 Ill. App. 3d at 223.

Plaintiffs there also attempted to avoid the one-year limitation by raising a jurisdictional question, *i.e.*, that the village had not followed its own zoning procedures. At that time, the one-year limitation did not apply if the annexing body did not have subject matter jurisdiction at the time of the annexation. The *Echo Lake* court rejected the argument that the alleged procedural violations constituted jurisdictional defects, stating:

"Subject matter jurisdiction goes to the question of whether a body has the lawful authority to deal with the particular subject. It is not concerned with whether the body used appropriate procedures in doing so. As the elected officials of the village had the lawful power to grant or deny applications for zoning, they had the subject matter jurisdiction required by the statute." *Echo Lake*, 68 Ill. App. 3d at 224.

In seeking to avoid the one-year limitation of section 7—1—46 here, plaintiffs argue that *Echo Lake* is factually inapposite to this action. The first distinction plaintiffs note is that the *Echo Lake* plaintiffs' original complaint directly challenged the annexation. Only after the original complaint was dismissed did the *Echo Lake* plaintiffs amend their complaint to challenge the constitutionality of the rezoning without directly challenging the annexation. (*Echo Lake*, 68 Ill. App. 3d at 221.) Although plaintiffs here did not first directly challenge the annexation as did the *Echo Lake* plaintiffs, that difference is not sufficient to distinguish *Echo Lake*. The *Echo Lake* court did not rely on the form of the original complaint in affirming dismissal of the amended complaint. Rather, the court reasoned that since the

annexation and preannexation agreement were so closely related to the rezoning, a successful attack on the rezoning could eventually result in a direct attack on the annexation. (68 Ill. App. 3d at 223.) Since the deciding factor is the possible effect of a challenge to the rezoning, the fact that the present plaintiffs did not first directly challenge the annexation does not make the rezoning challenge here different than that held time barred in *Echo Lake.*

Plaintiffs next argue that, unlike in *Echo Lake,* the Alter annexation was not conditioned on the annexation agreement or rezoning ordinance. Once again, however, the similarities between the cases are substantial. Although plaintiffs here focus on the annexation ordinance, which does not refer to the rezoning, the *Echo Lake* court emphasized the provisions of the preannexation agreement which conditioned the annexation on rezoning. (*Echo Lake,* 68 Ill. App. 3d at 222-23.) A comparison of the preannexation agreement in *Echo Lake* with the annexation agreement here shows that the relationship between rezoning and the annexations in both cases is the same.

■ Along the same lines, plaintiffs argue that rezoning of the Alter property was not an indispensable part of the annexation agreement because the agreement here contains a severability clause. Relying on *Sealy Mattress Co. v. Sealy, Inc.* (N.D. Ill. 1972), 346 F. Supp. 353, plaintiffs maintain that the inclusion of the severability clause would allow the remainder of the annexation agreement to be enforced even if the rezoning provisions were found invalid. In *Sealy,* the Federal district court held that manufacturers' license contracts were still enforceable even after an antitrust judgment rendered territorial sales restrictions therein invalid. (*Sealy,* 346 F. Supp. at 360.) We note, however, that while the *Sealy* court relied on a severability provision in the contracts, the court also relied heavily on "[a]pplicable principles of antitrust law [which] manifest a clear policy favoring the severance of invalid restrictions and the continued validity of the remainder of contracts." (*Sealy,* 346 F. Supp. at 359.) No such principle applies here. The *Sealy* court also found that an intelligible economic transaction remained after the illegal provisions of the contracts were severed. (*Sealy,* 346 F. Supp. at 358.) Here, in contrast, a fair reading of the annexation agreement clearly shows the rezoning of the subject property was an essential condition of the annexation. Although the agreement does not specifically set forth that disconnection is a remedy for a breach thereof, it does call for rezoning of the property immediately upon passage of the annexation ordinance, and it provides that the petition to annex filed by the owner would be conditioned on the terms of the agreement. The village also warranted

that rezoning would permit the property to be developed in accordance with the agreement, and the zoning ordinance itself recites that the 4-I zoning classification will permit use of the property as described in the agreement. Courts which will enforce a contract with a portion severed generally do so when the severed portion does not go to the contract's essence. (See *Corti v. Fleisher* (1981), 93 Ill. App. 3d 517, 533; 17 Am. Jur. 2d *Contracts* §230 (1964).) Because the rezoning provisions here are an essential feature of the annexation agreement, we find that inclusion of the severability clause is not sufficient to distinguish the agreement here from the one in *Echo Lake*.

Next, plaintiffs argue that *Echo Lake* does not control because the annexation agreement here has expired and is unenforceable. There is some appeal to this argument, since a challenge to the annexation could not now be based on noncompliance with an unenforceable agreement. Acceptance of this argument, however, would lead to the odd result that challenges to rezoning enacted pursuant to an annexation and annexation agreement would be barred after one year, but could be revived after the annexation agreement expires, up to 20 years later. (See Ill. Rev. Stat. 1985, ch. 24, par. 11—15.1—5.) Such a result is not suggested by the *Echo Lake* holding.

The final factual distinction plaintiffs claim between this case and *Echo Lake* is that the *Echo Lake* plaintiffs were private homeowners, while plaintiffs here are governmental units attempting to protect matters of public interest. Illinois courts have held that statutes of limitation should not apply to governmental agencies asserting public rights. (*City of Shelbyville v. Shelbyville Restorium, Inc.* (1983), 96 Ill. 2d 457, 463.) The *Shelbyville* case, as well as others relied upon by plaintiffs, however, did not involve a statute which explicitly applies to governmental entities as does section 7—1—46 of the Municipal Code. Given the clear language of the statute, the limitations period imposed upon the *Echo Lake* plaintiffs likewise applies to the governmental plaintiffs here.

Plaintiffs also offer other reasons why the *Echo Lake* holding should not extend to this case. Although plaintiffs phrase these arguments in terms of defendants' overly broad reading of the *Echo Lake* holding, the underlying thrust of these contentions seems to be that *Echo Lake* was wrongly decided. It is true that the *Echo Lake* court was not unanimous in its reasons for affirming the dismissal of the complaint there. Justice Seidenfeld, in his special concurrence, indicated that, while he did not believe that the statute of limitations applicable to annexations should be applied to a zoning challenge, the plaintiffs should have been barred by *laches* since they had waited for

over four years to bring suit while the defendants expended substantial sums in reliance on the zoning. (*Echo Lake*, 68 Ill. App. 3d at 225 (Seidenfeld, J., specially concurring).) Even so, the *Echo Lake* holding has never been overruled or questioned, and it was decided by a court of this district. Therefore, while plaintiffs' arguments are not entirely without merit, we are not convinced that the *Echo Lake* reasoning should be forsaken now.

■■ Plaintiffs argue that the limitation as applied in *Echo Lake* is not permissible here, first, because defendants' interpretation of *Echo Lake* will lead to the creation of what plaintiffs term "local super constitutions," and second, they argue, because a zoning ordinance cannot be sustained if it is in violation of the constitution, citing *La Salle National Bank v. City of Evanston* (1962), 24 Ill. 2d 59. Plaintiffs cite no authority for the first proposition, however, and in the cases on which plaintiffs rely for the second proposition, the statutory provision which specifically sets forth a time frame in which to indirectly attack an annexation was not applicable. Contrary to plaintiffs' arguments, the fact that a cause of action arises under a constitutional provision does not preclude the running of a statute of limitations against that cause of action:

> "Even a substantive right created by a State constitution is governed and controlled in its enforcement and administration by regulatory and procedural legislation enacted by the General Assembly, which legislative enactments may include a limitation as to the period within which action may be taken to enforce the substantive right." (*Horn v. City of Chicago* (1949), 403 Ill. 549, 560.)

Thus, even though plaintiffs' claims are constitutional in nature, they may be barred by the statute of limitations.

■■ Plaintiffs also argue that section 7—1—46 of the Municipal Code is inapplicable here because they did not directly challenge the annexation. It is true that the only way to directly challenge a completed annexation is through an action in *quo warranto*. (*Edgewood Park No. 2 Homeowners Association v. Countryside Sanitary District* (1969), 42 Ill. 2d 241, 245.) The statute of limitations here, however, also limits *indirect* challenges to annexations. (Ill. Rev. Stat. 1985, ch. 24, par. 7—1—46.) The type of challenge to rezoning we are faced with here was held to be such an indirect attack in *Echo Lake* (68 Ill. App. 3d at 223), so it does not matter that plaintiffs here did not also file a *quo warranto* claim.

■■ Plaintiffs next argue that the trial court erred because statutes of limitation do not apply to equitable actions and because the

statute does not specifically prohibit this action. Again, the statute here specifically limits indirect as well as direct challenges to annexations. Plaintiffs' challenge is such an indirect challenge and is thus specifically provided for in the statute. As defendants note, the claims held barred in *Echo Lake* were likewise equitable actions.

■ Plaintiffs are thus unable to sufficiently distinguish *Echo Lake* so as to preclude this court's reliance on that holding. Anticipating such a result, plaintiffs' final argument is that they did assert their claims in a timely fashion. Citing *Benyon Building Corp. v. National Guardian Life Insurance Co.* (1983), 118 Ill. App. 3d 754, plaintiffs state that a statute of limitations "commences to run when the party to be barred has a right to invoke the aid of the court to enforce his remedy." (118 Ill. App. 3d at 762.) Plaintiffs argue that they did not have the right to bring this action until January 1981, when *Village of Barrington Hills v. Village of Hoffman Estates* (1980), 81 Ill. 2d 392, *cert. denied* (1981), 449 U.S. 1126, 67 L. Ed. 2d 112, 101 S. Ct. 943, was finally resolved. They go on to argue that, prior to that time, one municipality could not challenge another's zoning. Thus, it was not until January 1981, plaintiffs argue, that they discovered their right to bring suit here.

This argument must be rejected. *Village of Barrington Hills* was decided by the Illinois Supreme Court in June 1980. At that point, one Illinois municipality's right to challenge another's zoning was defined. The right did not depend on denial of *certiorari* by the United States Supreme Court. Furthermore, the *Village of Barrington Hills* court indicated that it was not creating a new right of action, but rather was restating a rule already articulated in *City of Hickory Hills v. Village of Bridgeview* (1977), 67 Ill. 2d 399. Plaintiffs here should thus have "discovered" their right of action in 1977, not January 1981.

Lastly, plaintiffs argue that they should have had one year from August 14, 1981, to file their action. It was on that date that section 7—1—46 was amended to eliminate the limitations exception for challenges based on lack of jurisdiction. If that amendment alone caused plaintiffs' claim to be barred, it is true that, as plaintiffs claim, they would have had a reasonable time after the amendment to assert their claim. (*Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 237.) As previously mentioned, however, the *Echo Lake* court rejected the notion that the exception to the limitations period was applicable to the claim there, since the village did have proper subject matter jurisdiction. (*Echo Lake*, 68 Ill. App. 3d at 224.) The instant claim was thus barred long before the amendment to section 7—1—46.

Our disposition of this issue makes it unnecessary to consider defendants' counterargument that plaintiffs' claims are barred by *laches* or that they are *res judicata*. Plaintiffs' motion to strike the portions of defendants' brief pertaining to those issues is therefore moot. Defendants' motion to supplement the record on appeal with documents related to those arguments is denied.

The orders of the circuit court of Lake County allowing defendants to amend their answer and entering judgment on the pleadings for defendants are affirmed.

Affirmed.

WOODWARD and REINHARD, JJ., concur.