Docket No. 90635–Agenda 30–May 2001.

MICHAEL C. LANGENDORF, Appellee, v. THE CITY OF URBANA, Appellant.

Opinion filed July 26, 2001.

JUSTICE THOMAS delivered the opinion of the court:

Section 7–1–46 of the Illinois Municipal Code (the Code) provides for a one-year statute of limitations for actions that “directly or indirectly” contest an annexation. 65 ILCS 5/7–1–46 (West 1998). The plaintiff, Michael C. Langendorf, filed this declaratory judgment action against the defendant, the City of Urbana (the City), challenging the zoning of two parcels of property that were rezoned by the City pursuant to annexation agreements between the City and the owners of those parcels. The plaintiff does not challenge the zoning of his own property. The circuit court of Champaign County granted the City’s motion to dismiss the plaintiff’s amended complaint, finding that his cause of action was barred because it was filed beyond the limitations period set forth in section 7–1–46 of the Code. The appellate court reversed. No. 4–99–0449 (unpublished order under Supreme Court Rule 23). We allowed the City’s petition for leave to appeal (177 Ill. 2d R. 315(a)), and now reverse the judgment of the appellate court and affirm the judgment of the circuit court.

BACKGROUND

The plaintiff filed his initial complaint on August 14, 1998, more than one year after the annexations and rezoning of the properties in question. The circuit court dismissed that complaint pursuant to the City’s motion filed under section 2–615 of the Code of Civil Procedure (735 ILCS 5/2–615 (West 1998)).

Thereafter, the plaintiff filed an amended complaint. Count I of the plaintiff’s amended complaint concerns the annexation of a parcel of property known as Stone Creek Commons. The parcel adjoins the plaintiff’s property on the south side and is owned by Clinton T. Atkins. On February 17, 1997, the City approved an agreement with Atkins for the annexation of Stone Creek Commons, which provided that the northern 25 acres–42% of the tract–would be converted from county to city zoning and rezoned as “B-3 General Business District” and that the southern 35 acres–58% of the tract–would be rezoned as “R-4 Medium Density Multiple-Family Residential District.” On July 7, 1998, the City passed an ordinance implementing the zoning. The plaintiff alleged that the rezoning was inconsistent with 1993 amendments to the City’s comprehensive plan, which provided that the northwest corner of Stone Creek Commons–approximately 12% of the tract–be used for “commercial purposes,” while the remaining portion be used for “residential purposes.”

Count II of the plaintiff’s complaint challenged the zoning with respect to a tract of land immediately to the north of Stone Creek Commons known as the Meijer Tract. On January 3, 1995, the City entered into a similar annexation agreement with Atkins and the three other owners of the Meijer Tract. The agreement provided for rezoning of the entire Meijer Tract to “B-3 General Business District.” On June 19, 1995, the City passed an ordinance rezoning the property to “B-3 General Business District.” The plaintiff’s amended complaint further alleged that the rezoning was inconsistent with 1993 amendments to the City’s comprehensive plan that designated the western half of the tract for “commercial purposes” and the eastern half for “residential purposes.”

Both counts of the amended complaint alleged that (1) the rezoning of the properties would materially impair the fair market value of the real estate owned by the plaintiff and others similarly situated, (2) the application of the zoning ordinance to allow a movie theater and a Meijer superstore would adversely affect the property values of the plaintiff and others similarly situated, and (3) the application of the zoning ordinance would be contrary to the stated goals, objectives and principles of the 1993 amendments to the City’s comprehensive plan.

The trial court granted the City’s motion to dismiss the plaintiff’s amended complaint based on the statute of limitations contained in section 7–1–46 of the Code. That section provides in relevant part:

“Neither the People of the State of Illinois nor any person, firm or corporation, public or private, nor any association of persons shall commence an action contesting 
either directly or indirectly
 the annexation of any territory to a municipality unless initiated within one year after the date such annexation becomes final ***.” (Emphasis added.) 65 ILCS 5/7–1–46 (West 1998).

The trial court found that the plaintiff’s amended complaint and the exhibits attached thereto showed that the zoning provisions contained in the annexation agreements were an integral part of the agreements and were accomplished by the City on July 7, 1997. The court noted that while the plaintiff may be challenging ostensibly only the City’s zoning actions, an attack on the zoning actions is, in reality, an attack on the annexation agreements themselves. This is because the zoning actions were an integral part of the annexation agreements, which the City would fail to fulfill without effecting the rezoning. Therefore, the court concluded, the plaintiff’s cause of action was governed by the one-year statute of limitations in section 7–1–46 applicable to challenges mounted against annexation agreements. In reaching its conclusion, the trial court followed the decisions of the Appellate Court, Second District, in 
Echo Lake Concerned Citizens Homeowners Ass’n, Inc. v. Village of Lake Zurich
, 68 Ill. App. 3d 219 (1979), and 
People ex rel. Foreman v. Village of Round Lake Park
, 171 Ill. App. 3d 443 (1988), which are directly on point.

On appeal, the appellate court reversed, and declined to follow the rationale of 
Echo Lake
 and 
Foreman
. No. 4–99–0449 (unpublished order under Supreme Court Rule 23). Instead, the appellate court stated that “[a]nnexation and zoning are, in the abstract, distinct concepts.” The court further stated that “[e]ven where the two are undertaken as part of a single integrated agreement, challenge to the one does not necessarily entail challenge to the other.” The appellate court also questioned whether the legislature could properly enact a period of limitations for a constitutionally grounded cause of action such as a zoning challenge.

ANALYSIS

On appeal to this court, the City argues that the appellate court erred in concluding, in essence, that the plaintiff could successfully attack the zoning of the annexed properties without at least 
indirectly
 contesting the annexations. The City contends that, in viewing the full statutory scheme in relation to the annexation agreements in this case, it is apparent that the zoning of the parcels cannot be separated from their annexation. Thus, an attack of the zoning is an indirect attack on the annexations, and, therefore, the limitations period set forth in section 7–1–46 applies to the plaintiff’s cause of action.

We agree. In 1963, the legislature amended the Code by adding a statutory scheme authorizing annexation agreements and specifically providing that a change in zoning of property subject to an annexation agreement could be a valid and binding part of such an agreement for a limited period. Ill. Rev. Stat. 1963, ch. 24, pars. 11–15.1–1, 11–15.1–2; see also 
Meegan v. Village of Tinley Park
, 52 Ill. 2d 354, 357 (1972) (zoning is a permissible subject of an annexation agreement and to the extent the legislature limits the enforcement of such agreements it is exercising its police power).

The purpose of a statutory scheme allowing for annexation agreements with enforceable zoning provisions is to ensure the predictability necessary for orderly growth and development. See R. Cope, 
Annexation Agreements–Boundary Agreements: Walking a Fine Line into the Future–A Map of the Dangers to the Unwary Land Use Traveler
, 17 N.I.U. L. Rev. 377, 378 (1977). To that end, the current version of section 11–15.1–1 of the Code provides in relevant part that “the corporate authorities of any municipality may enter into an annexation agreement with one or more of the owners of record of land in unincorporated territory” and that the “agreement shall be valid and binding for a period of not to exceed 20 years from the date of its execution.” 65 ILCS 5/11–15.1–1 (West 1998). Section 11–15.1–2(b) states that an annexation agreement may provide for “[t]he continuation in effect, or amendment, or continuation in effect as amended, of any ordinance relating to *** zoning *** provided, however, that any public hearing required by law to be held before adoption of any ordinance amendment provided in such agreement shall be held prior to execution of the agreement, and all ordinance amendments provided in such agreement shall be enacted according to law.” 65 ILCS 5/11–15.1–2(b) (West 1998). Section 11–15.1–2 further provides that after the expiration of the annexation agreement, the provisions therein related to zoning “shall remain in effect unless modified in accordance with law.” 65 ILCS 5/11–15.1–2 (West 1998).

Section 11–15.1–3 of the Code establishes the procedure necessary to create a valid and binding annexation agreement. It sets forth significant hurdles to validity, 
i.e.
, notice, public hearing and a two-thirds majority vote of the corporate authorities for passage. 65 ILCS 5/11–15.1–3 (West 1998). Section 11–15.1–5 of the Code states that any annexation agreement which is executed with a two-thirds majority vote and contains provisions not inconsistent with section 11–15.1–2 is “valid and enforceable 
as to such provisions
 for the effective period of such agreement, or for 20 years from the date of execution thereof, whichever is shorter.” (Emphasis added.) 65 ILCS 5/11–15.1–5 (West 1998).

In the present case, the provisions of the annexation agreements make it clear that the rezoning of the properties was an integral part of and was in fact the essential condition of and consideration for the agreements. In that regard, the agreements provide that upon annexation, the tracts will be converted from county zoning to city zoning as described in exhibits to the agreements, that the zoning will remain in effect for a 20-year term, and that the corporate authorities will not rezone the properties for the life of the agreements. As the statutory scheme makes clear, the zoning provisions of an annexation agreement are enforceable for the effective period of the agreement up to 20 years. See 65 ILCS 5/11–15.1–5 (West 1998). Under the circumstances, we do not believe that the plaintiff could challenge the rezoning of the property without at least indirectly contesting the annexation agreements themselves.

We agree with the rationale expressed by the majority in 
Echo Lake
. There, the village entered into an annexation agreement with a property owner to rezone his land from a single-family to a multiple-dwelling district. Four years after the rezoning and annexation became final, an association of nearby property owners filed an action against the village, alleging that the defendants had not followed the proper procedures in passing the annexation and rezoning ordinances and that the multiple-family zoning of the property was unconstitutional. The appellate court considered and rejected the merits of the plaintiff’s procedural claim, but found that the plaintiff’s constitutional challenge to the validity of the zoning ordinance was barred by the one-year limitations period of section 7–1–46 of the Code. 
Echo Lake
, 68 Ill. App. 3d at 222-24. The court noted that the plain language of section 7–1–46 prohibits the plaintiffs from “ ‘directly or indirectly’ ” challenging the annexation unless the action is commenced within one-year from the date the annexation becomes final. 
Echo Lake
, 68 Ill. App. 3d at 222, quoting Ill. Rev. Stat. 1973, ch. 24, par. 7–1–46. The court pointed out that several parts of the annexation agreement, including the preamble, emphasized that rezoning of the property was a prerequisite to annexation. 
Echo Lake
, 68 Ill. App. 3d at 222-23. The court concluded that if the annexation agreement is to be given any legal force, a successful attack on the rezoning could lead to a suit by the owners to declare the annexation void. 
Echo Lake
, 68 Ill. App. 3d at 223. Accordingly, the plaintiffs could not successfully attack the rezoning without at least indirectly contesting the annexation and, therefore, the limitation of section 7–1–46 was applicable. 
Echo Lake
, 68 Ill. App. 3d at 222-23.

The appellate court in the instant case, however, relied upon the specially concurring opinion of Justice Seidenfeld in 
Echo Lake
. The special concurrence found that the plaintiff’s cause of action was barred by 
laches
, but disagreed with the majority’s interpretation of section 7–1–46. 
Echo Lake
, 68 Ill. App. 3d at 225-26 (Seidenfeld, J., specially concurring). In finding that an attack on the zoning is not necessarily an attack on the annexation, Justice Seidenfeld stated the following:

“A court in determining the constitutionality of zoning or its procedural aspects need not inquire into the validity of the annexation.

*** [I]f a trial court were to find that the challenged zoning was null and void from its inception because of some substantial procedural defect, then it appears that the landowners would have a cause of action against the village for breach of contract. [Citation.] The landowners, arguably, could sue for money damages; or, arguably, the landowners would be entitled to disconnection. [Citation.] The prospect of a law suit by the landowners against the village, however, does not give this court warrant to import a statute of limitations, which deals only with annexation ordinances, into an area of law where it has no application.” 
Echo Lake
, 68 Ill. App. 3d at 226 (Seidenfeld, J., specially concurring).

While we do not find the rationale of the specially concurring opinion in 
Echo Lake
 and the appellate court in this case to be totally lacking in merit, we find the reasoning of the majority in 
Echo Lake
 to be more persuasive. In interpreting a statute, the primary rule is to ascertain and give effect to the true intent and meaning of the legislature evidenced by the language used. 
Kraft, Inc. v. Edgar
, 138 Ill. 2d 178, 189 (1990). A statute should be construed so that no word or phrase is rendered meaningless or superfluous. 
Kraft, Inc.
, 138 Ill. 2d at 189. When the terms of a statute are not specifically defined, the words must be given their popularly understood meanings construed with reference to the purposes and objectives of the statute. 
Niven v. Siqueira
, 109 Ill. 2d 357, 366 (1985).

The appellate court’s and the plaintiff’s interpretation of the statute in this case would render the word “indirectly” meaningless and would effectively read it out of the statute. It would also ignore the statutory scheme which has the obvious intent of shielding the zoning provisions of annexation agreements from attack after the passage of the one-year limitation period and then for the duration of the shorter of the 20-year statutory period or the term listed in the agreement. In this case, there are no allegations as to any procedural defects in the City’s passage of the annexation and zoning ordinances. The plaintiff does not allege lack of notice or lack of opportunity to be heard at the required hearings. Nor does the plaintiff claim that the ordinances were not passed by a two-thirds vote of the corporate authorities. Instead, the plaintiff now claims, more than one year after the annexations and rezoning were accomplished, that the rezoning is inconsistent with the City’s comprehensive plan and diminishes his property values. The limitations period set forth in section 7–1–46 precludes the kind of belated indirect attack on the annexation that the plaintiff makes at this stage.

The plaintiff argues that application of section 7–1–46 to this case would have the effect of creating a statute of limitations for a limited class of zoning actions. He argues that it would be impermissible for the state to place a limitation on a cause of action to enforce a federal constitutional right such as would be involved in a zoning challenge.

The plaintiff’s argument fails for two reasons. First, the plaintiff’s amended complaint does not raise a federal constitutional claim. He made allegations of a federal constitutional violation in his original complaint but chose to delete those allegations from his amended complaint. Second, there is no merit to the plaintiff’s contention that a statute of limitations cannot be applied to an action involving the enforcement of a constitutional right. For example, the Post-Conviction Hearing Act (the Act) specifically provides that only claims involving questions of federal or state constitutional rights may be raised in a proceeding under the Act. 725 ILCS 5/122–1 (West 1998). Nonetheless, the statute places a three-year statute of limitations on the filing of such claims. 725 ILCS 5/122–1(c) (West 1998); 
People v. Wright
, 189 Ill. 2d 1, 9 (1999) (holding that section 122–1 of the Act with its “culpable negligence” standard is a statute of limitations). Thus, our courts have applied a statute of limitations of our state to bar federal constitutional claims in another context.

A statute of limitations is by definition an arbitrary period after which all claims will be cut off. 
Chase Securities Corp. v. Donaldson
, 325 U.S. 304, 314, 89 L. Ed. 1628, 1635, 65 S. Ct. 1137, 1142 (1945). However, the need to encourage claimants to investigate and pursue causes of action in order to discourage delay, in time, outweighs the right to litigate a claim. 
Golla v. General Motors Corp.
, 167 Ill. 2d 353, 369-70 (1995).

Here, the plaintiff does not argue that he filed this lawsuit within the one-year statute of limitations. Furthermore, he cites no case holding that a state statute of limitations cannot be applied to a zoning challenge, or even more generally to a case involving the enforcement of a constitutional right. However, in 
Horn v. City of Chicago
, 403 Ill. 2d 549 (1949), this court considered a plaintiff’s contention that the five-year statute of limitations in section 15 of the Limitations Act (Ill. Rev. Stat. 1947, ch. 83, par. 16) could not bar his state constitutional claim against the city. The plaintiff alleged that the city’s construction of a viaduct near the plaintiff’s property constituted the taking and damaging of his property without the payment of just compensation and without due process of law. In rejecting the plaintiff’s claim that the statute of limitations could not be applied because the right of action arose under a constitutional provision, this court stated:

“The legislature may, without violating constitutional guarantees, enact statutes which limit the time within which actions may be brought ***. [Citation.] Even a substantive right created by a State constitution is governed and controlled in its enforcement and administration by regulatory and procedural legislation enacted by the General Assembly, which legislative enactments may include a limitation as to the period within which action may be taken to enforce the substantive right.” 
Horn
, 403 Ill. at 560.

Thus, 
Horn
 supports the conclusion that a limitations period may be applied to a constitutional claim.

CONCLUSION

For the foregoing reasons, we hold that the limitations period of section 7–1–46 applies to the plaintiff’s suit under the facts of this case. Because the cause of action was filed beyond the one-year time limit, it was properly dismissed by the circuit court. Accordingly, we reverse the judgment of the appellate court and affirm the judgment of the circuit court of Champaign County.

Appellate court judgment reversed;

circuit court judgment affirmed.

JUSTICE GARMAN took no part in the consideration or decision of this case.