No. 3-02-0642

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2003

DONALD SHIPP, CHERYL SHIPP, THEODORE RIETVELD, JOAN RIETVELD, PARK CITY MOBILE HOMES, INC.,

Plaintiffs-Appellees,

v.

COUNTY OF KANKAKEE, an Illinois Municipal Corporation, and VILLAGE OF BOURBONNAIS, an Illinois Municipal Corporation,

Defendants-Appellants.

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of the 21st Judicial Circuit Kankakee County, Illinois.

No. 98-MR-143

Honorable Fred S. Carr, Jr., Judge, Presiding

JUSTICE LYTTON delivered the opinion of the court:

Plaintiffs filed an application for a special use permit and variance with the County of Kankakee, in order to develop a manufactured home park.  The county denied the permit, causing plaintiffs to file a complaint for declaratory judgment, claiming that the county unconstitutionally denied their special use permit application and that the village improperly denied them sewer service.  The circuit court ordered the county to grant the permit application.  We reverse.

Plaintiffs are the owners and contract purchasers of a 158 acre parcel of land in Kankakee County.  Plaintiffs intended to develop the land into a manufactured home park containing nearly 700 residential sites.  A manufactured home park is permitted as a special use in Kankakee County.  Under the county zoning code, a party must file an application for a special use permit for any proposed manufactured home park construction.  

The zoning code provides that applicants must include the following information in the permit application:

a. Name and address of applicant.

b. Location and legal description of the proposed manufactured home park.

c. Plans and specifications of the proposed manufactured home park development including but not limited to the following:

1. Map including area and dimensions of tract of land;

2. Number, location and size of home sites;

3. Location and width of public and private streets, roadways, and walks;

4. Location of all water, storm sewer and sanitary sewer lines, water supply, and refuse and sewage disposal facilities;

5. All buildings existing or to be constructed within the park;

6. Location of internal lighting and electrical systems.  Kankakee County Zoning Ordinance § 6.03(U) (ratified May 11, 1999).

Plaintiffs applied for a special use permit.  Their application was a sketch plan, i.e., a general drawing of the proposed park.  The sketch plan included the following items required under the zoning code: the numbering and placement of the residential sites; a legal description of the land; a breakdown of the acreage indicating how much land was dedicated to open space and recreational areas; a picture of a standard residential lot; and a general description of the location of common areas, buildings, existing easements, and streets.  However, the sketch plan did not include other code requirements, such as the specific dimensions of any buildings or structures, the location of sewer lines or water supply lines, or a description of the internal lighting and electrical systems. The county board determined that the application was insufficient and denied the special use permit. 

Plaintiffs also filed a request for a variance of five feet from the set back requirements to afford home owners the space to construct a garage on each lot. 

The land is located within the Village of Bourbonnais' facility and planning area jurisdiction.  Plaintiffs never filed an application for sewer service with the village.

After plaintiffs’ permit was denied, they filed a complaint seeking injunctive relief and a declaratory judgment that the zoning ordinance relating to special use permits was unconstitutional as applied. The complaint also sought a  declaratory judgment against the Village of Bourbonnais, seeking an adjudication that the village must provide sewer service to the project.   The circuit court found the ordinance unconstitutional as applied to the subject property and enjoined the county from "interfering with the development and to issue such permits as may be required upon proper application."  The court also ordered the village to provide water and sewer service to the project.

I.  Special Use Permit Application

The county argues that it was premature for the trial court to review the denial of the permit application on the merits since the county did not deny the permit on its merits.  It contends that plaintiffs’ permit application was incomplete and could not be properly considered or acted upon; thus, the trial court improperly reviewed the substantive rights of the parties  We agree.

Counties have a right and a duty to maintain their land use through zoning regulations. See 
Hawthorne v. Village of Olympia Fields
, 204 Ill. 2d 243, 256 (2003). A special use is a property use which the controlling zoning code expressly permits within a zoning district as long as the use meets certain criteria or conditions.  
Chicago Heights v. Living Word Outreach Full Gospel Church And Ministries, Inc.
, 196 Ill. 2d 1, 16 (2001).  "The purpose of special uses is to provide for those uses that are either necessary or generally appropriate for a community but may require special regulation because of unique or unusual impacts associated with them."  
 
Chicago Heights
, 196 Ill. 2d at 16. Since a special use permit allows property owners or developers to use their land in an express exception to the zoning code, the application must prove that the property falls squarely within that exception.  
Chicago Heights
, 196 Ill. 2d at 23.  

 The Kankakee County zoning code regulates manufactured home parks as special uses. The code establishes criteria which the application for a special use permit must meet to be considered by the county.  Plaintiffs’ application failed to meet these criteria.  Among other things, the code requires that the permit application describe the location of all water lines and sewage disposal facilities, a description of all buildings on the property, and the location of internal lighting and electrical systems.  Kankakee County Zoning Ordinance § 6.03(U). Plaintiffs’ sketch plan did not contain specific information describing any of the above requirements.  It ignored details and locations of pedestrian walkways, sewer lines, lighting and electricity lines, natural gas lines and fire hydrants.  The plan also failed to establish how each of the lots would meet setback and space requirements.

The Kankakee County zoning code established a set of standards for each permit applicant to meet. If the criteria are not met, the county cannot ensure that the proposed development is consistent with the special use which the zoning code authorizes.  Because the application was incomplete, the county lacked the information to determine whether the property qualified for a special use exception.

Nonetheless, plaintiffs argue that they presented expert testimony in the circuit court suggesting that their completed development would meet the county's requirements.  However, that argument is flawed because counties have little or no control over the development of manufactured home parks after the special use permit is granted.  A county must have all the pertinent information before it can rule on the merits of an application.  To ensure public safety, utility and proper growth, a county must be able to determine whether the proposed development meets those requirements before the permit is approved. See 
Chicago Heights
, 196 Ill. 2d at 22-26.

The code requires special use applicants to demonstrate compliance with the zoning requirements when the application is made. Plaintiffs were required to include specific facts in their application, but instead made only a general promise to comply with those requirements in the future. To provide that information for the first time in the circuit court erroneously removed the special use authorization from the zoning board and placed it in the hands of the trial judge.

Because the county could not rule on an incomplete application, it never had the opportunity to make an informed decision. Before the county, through its regulatory process, could determine whether the proposal met its special use requirements, the trial court forced the approval of the incomplete application.  The trial court removed the proposal from the county’s review and, in the process, usurped the county’s statutory duty to ensure proper growth and land use. See 
Chicago Heights
, 196 Ill. 2d at 22-26.

Since the trial court erroneously granted plaintiffs’ permit, we reverse.  However, inasmuch as the county denied plaintiffs’ permit on procedural grounds, plaintiffs must be allowed to file a new permit for the county’s consideration.  See 
People ex rel. Redd v. Mulholland
, 134 Ill. App. 3d 929, 930-31 (1985).  To that end, we remand the cause to the zoning board so that plaintiffs may file a new special use permit application.

II.  Variance 

Plaintiffs also sought a variance from the zoning code for their proposed development.  Since the county properly denied the special use permit, the variance request for the lots in the development must also fail.  Therefore, we need not decide whether the variance should have been granted. 

III.  Sewer Service

In their complaint, plaintiffs claimed that the Village of Bourbonnais wrongfully denied them sanitary sewer service for the proposed development.   The village argues that since plaintiffs never applied for sewer service, it could not have wrongfully denied the service; thus, plaintiffs failed to present an actual justiciable controversy ripe for review.

When determining the ripeness of a declaratory action, the court must first determine whether the complaint states an actual legal controversy between the parties. 
Best v. Taylor Machine Works
, 179 Ill. 2d 367 (1997).  An "actual controversy" exists where there is a legitimate dispute involving an immediate and definite determination of the parties' rights, the resolution of which would help terminate all or part of the dispute. 
Dolezal v. Plastic & Reconstructive Surgery, S.C.
, 266 Ill. App. 3d 1070, 1083 (1994). A declaratory judgment action is used "to afford security and relief against uncertainty with a view to avoiding litigation, rather than in aid of it." 
Dolezal
, 266 Ill. App. 3d at 1083.  

In addition, the complaint must show that the underlying facts and issues of the case are not moot or premature. 
Pincham v. Cunningham
, 285 Ill. App. 3d 780, 782 (1996). Courts cannot pass judgment on mere abstract propositions of law, render advisory opinions, or give legal advice as to future events. 
Pincham
, 285 Ill. App. 3d at 782.  If the question of whether plaintiffs will suffer any infringement of their rights is speculative, i.e. if their interests would be adversely affected only in the event some future possibility does or does not occur, the action for a declaratory judgment should be dismissed.  
Township High School District v. Northfield
, 184 Ill. App. 3d 367, 373 (1989).

Here, plaintiffs asked the trial court to find that the village wrongfully denied their application for sanitary sewer service before any application was made.  Since plaintiffs did not file an application, the village could not have denied it. Plaintiffs objected to a denial that never occurred.  

Plaintiffs suggest that the village will deny their application in the future. But any infringement on the right to sanitary sewer service is speculative. Until the village considers and denies an application, the village cannot infringe upon plaintiffs' rights, and an actual controversy does not exist.  Because plaintiffs’ complaint for declaratory judgment did not state an actual controversy, it was not ripe for review and should have been dismissed. 

IV.  Circuit Court Review

The county argues that the trial court erred by reviewing the  case 
de novo
, and that the court should have taken the case under administrative review. The county bases its argument on our supreme court’s recent holding in 
Klaeren v. Village of Lisle
, 202 Ill. 2d 164 (2002).  In 
Klaeren
, our supreme court held that "a legislative body acts administratively when it rules on applications for special use permits." 
202 Ill. 2d at 182.   While it is clear that permit denials after 
Klaeren
 constitute an administrative act subject to administrative review, we need not determine whether 
Klaeren
 should have been applied retroactively.  Since we are reversing the circuit court, its standard of review of the board’s denial of the permit is not relevant to our decision.

CONCLUSION

The order of the circuit court of Kankakee County is reversed, and the cause is remanded to the zoning board of appeals.

Reversed and remanded.

BARRY, J., and MCDADE, PJ., concurring.