FIRST DIVISION
November 26, 2007

No. 1-07-0881

EMERALD CASINO, INC., formerly known      )      Appeal from the
as HP, INC., an Illinois Corporation,     )      Circuit Court of
                                          )      Cook County.
    Plaintiff-Appellant,                    )
                                          )
        v.                              )
                                          )
ILLINOIS GAMING BOARD; GREGORY C.         )
JONES; ELZIE HIGGINBOTTOM, ROBERT A.      )
MARIANO; IRA ROGAL and TOBIAS G. BARRY,   )
in their capacity as Members of the       )
Illinois Gaming Board,                    )
                                          )
    Defendants-Appellees.                   )
------------------------------------------)
VILLAGE OF ROSEMONT, ILLINOIS, an         )
Illinois municipal corporation,           )      Honorable
                                          )      Sophia H. Hall,
    Intervenor-Plaintiff.                   )      Judge Presiding.

    JUSTICE WOLFSON delivered the opinion of the court:

    On February 21, 2007, the Illinois Gaming Board adopted a
Resolution issuing Emerald Casino, Inc. (Emerald) a license for
renewal and relocation, effective for four years, "subject to
revocation proceedings."  The issuance of the license was
pursuant to our mandate in Emerald Casino, Inc. v. Illinois
Gaming Board, 366 Ill. App. 3d 113, 116, 851 N.E.2d 843 (2006),
appeal denied, 222 Ill. 2d 570, 861 N.E.2d 654 (2006) (Emerald
[II]).  The Resolution further stated the Board was not
adjudicating or waiving its rights in any other proceeding,
including its December 2005 revocation order and a subsequent

1-07-0881

revocation appeal.

Following the Resolution, The Village of Rosemont (Rosemont), joined by Emerald, filed a motion to compel compliance with our Emerald [II] mandate and for a rule to show cause why the Board should not be held in contempt for failing to follow the mandate. The trial court denied the motion. This appeal followed.

We affirm the trial court's denial of plaintiffs' motion. The Board complied with our mandate in Emerald [II] by issuing Emerald a renewed license for a prospective four-year period. There is no revocation order before this court concerning that issue. The Fourth District of the Illinois Appellate Court has affirmed the Board's December 2005 order revoking Emerald's license. Emerald Casino, Inc. v. Illinois Gaming Board, No. 4-06-0051 (May 30, 2007) (unpublished order under Supreme Court Rule 23). We have no jurisdiction to review that decision. Nor have we been asked to review it in this appeal.

FACTS

Illinois' Riverboat Gambling Act of 1990 authorized the Board to issue ten licenses for riverboat gambling, the first four of them for gambling on the Mississippi River. 230 ILCS 10/7(e) (West 2004). In 1992, the Board issued one of the Mississippi River licenses to Emerald. The license was renewed for one-year periods in 1995 and 1996.

2

1-07-0881

In April 1997, Emerald applied for a third renewal of its license. The Board refused Emerald's application. Emerald pursued an administrative appeal. Shortly thereafter, Emerald stopped operating its casino. The ALJ issued an order agreeing with the Board's denial.

The legislature amended the Act, adding section 11.2, effective June 25, 1999. The amended subsection 11.2(a) reads as follows:

> "(a) A licensee that was not conducting riverboat gambling on January 1, 1998 may apply to the Board for renewal and approval of relocation to a new home dock location authorized under Section 3(c) and the Board shall grant the application and approval upon receipt by the licensee of approval from the new municipality or county, as the case may be, in which the licensee wishes to relocate pursuant to section 7(j)." 230 ILCS 10/11.2(a) (West 2004).

Only Emerald fit that description.

The Board declared the ALJ's previous order moot and allowed Emerald to file a new application under the amended section. On July 7, 1999, the Board of Trustees of the Village of Rosemont approved Emerald's request to dock in Rosemont. Emerald

1-07-0881

submitted its revised application for renewal and relocation on September 24, 1999.[1]

At a meeting on January 30, 2001, the Board announced its intent to deny Emerald's request for renewal and relocation to Rosemont. On March 6, 2001, the Board issued its written notice of denial and filed a five-count disciplinary complaint seeking to revoke Emerald's existing license. The disciplinary proceedings were temporarily stayed due to Emerald's bankruptcy proceedings.

On May 21, 2001, Emerald filed a complaint in the circuit court seeking a declaratory judgment and a writ of mandamus ordering the Board to approve Emerald's application for renewal and relocation. The parties filed cross-motions for summary judgment, disputing whether the Board had the authority to deny Emerald's application since Emerald met the two criteria set forth in section 11.2(a) of the Act. The circuit court granted summary judgment in favor of the Board.

On appeal to this court, we held the word "shall" in section 11.2(a) was mandatory and required the Board to grant Emerald's application. Emerald Casino, Inc. v. Illinois Gaming Board, 346 Ill. App. 3d 18, 36, 803 N.E.2d 914 (2003) (Emerald [I]). We

---

[1]Emerald disputes the validity of the September 1999 date, contending its August 10, 1999, application is the appropriate point of reference under section 11.2.

4

reversed and remanded with instructions to enter summary judgment in favor of Emerald and Rosemont and proceed in accord with our opinion. Emerald [I], 346 Ill. App. 3d at 36-37. Our mandate issued July 7, 2004.

On April 14, 2005, the Board resumed the revocation proceeding it had initiated against Emerald in March 2001.

On June 9, 2005, the circuit court entered an order directing the Board "to grant Emerald's September 24, 1999 Application for Renewal and Relocation under Section 11.2 of the Illinois Riverboat Gambling Act upon receiving notice of this Order."

On June 29, 2005, the Board passed a Resolution granting Emerald's application retroactively "as of September 24, 1999, for a period of 4 years, subject to Section 11.2 of the Act being determined constitutional in Crusius." Also in 2005, the supreme court upheld the constitutionality of section 11.2 in Crusius v. Illinois Gaming Board, 216 Ill. 2d 315, 333, 837 N.E.2d 88 (2005).

Emerald and Rosemont filed motions asking the trial court to hold the Board in contempt for violating the court's order by issuing a license that was expired at issuance. The circuit court denied the motions, finding the Board's Resolution was not precluded by the language of Emerald [I].

On November 15, 2005, following a hearing, ALJ Abner J.

5

Mikva recommended to the Board that it revoke Emerald's license. On December 20, 2005, the Board entered an order adopting the ALJ's recommendation and revoking Emerald's license.  Emerald filed a petition for judicial review of the Revocation Order in the Fourth District of the Appellate Court.

On June 13, 2006, on appeal of the denial of the contempt motions, we held the Board and the circuit court had ignored the plain words of our mandate and thwarted the will of the legislature that enacted section 11.2(a).  Emerald Casino, Inc. v. Illinois Gaming Board, 366 Ill. App. 3d 113, 116, 851 N.E.2d 843 (2006), appeal denied, 222 Ill. 2d 570, 861 N.E.2d 654 (2006) (Emerald [II]).  We directed the circuit court to "order the Board to issue Emerald's license for renewal and relocation within 30 days of the receipt of the circuit court's order.  The license shall be effective as of the date of the issuance and shall remain in effect for four years, subject to revocation proceedings."  Emerald [II], 366 Ill. App. 3d at 119.

Our Emerald [II] mandate issued on January 9, 2007.  Emerald filed an emergency motion to redocket the case and for issuance of an order pursuant to the mandate.  On January 29, 2007, the circuit court entered an order redocketing the case and stating:

> "Within 30 days of this Order, the Illinois
> Gaming Board shall issue Emerald's license
> for renewal and relocation, effective as of

1-07-0881

> the date of the issuance and remaining in
> effect for four years, subject to revocation
> proceedings."

On February 16, 2007, Emerald filed an "Emergency Motion to Enjoin Defendants from Interfering with Appellate Court Mandate in Emerald [II] and Trial Court Order of January 29, 2007." Emerald asked the court to enjoin defendants from interfering with our mandate in Emerald [II] and from applying the December 20, 2005, Revocation Order and underlying revocation proceedings to the new license. The court denied Emerald's motion on February 20, 2007. Emerald appealed the court's order pursuant to Supreme Court Rule 307(a)(1). 188 Ill. 2d R. 307(a)(1). That appeal was dismissed by this court for lack of jurisdiction. Emerald Casino, Inc. v. Illinois Gaming Board, No. 1-07-0447 (2007) (unpublished order under Supreme Court Rule 23).

On February 21, 2007, the Board adopted and approved a Resolution stating, in part:

> "BE IT RESOLVED, that pursuant to the
> Appellate Court's decision in Emerald
> [II] and the Circuit Court's January 29, 2007
> order on remand, Emerald's license is issued
> for renewal and relocation, effective as of
> this date and remaining in effect for four
> years, subject to revocation proceedings.

7

BE IT FURTHER RESOLVED, that this Resolution does not constitute a finding or adjudication by the Gaming Board on any matter, is not a waiver of, and is without prejudice to, the Gaming Board's rights or position in any other matter or proceeding, including without limitation the Revocation Order and the Revocation Appeal."

On February 27, 2007, Rosemont filed a motion in the circuit court seeking an order compelling the Board to comply with the Emerald [II] mandate and the court's January 29, 2007, order, and entering a rule to show cause why the Board should not be held in contempt for failing to do so. Emerald partially joined the motion. On April 6, 2007, the court denied the motion. The court's order is the subject of the instant appeal.

On May 30, 2007, the Fourth District issued its decision affirming the December 20, 2005, revocation order. Emerald Casino, Inc. v. Illinois Gaming Board, No. 4-06-0051 (May 30, 2007) (unpublished order under Supreme Court Rule 23).

Emerald's petition for leave to appeal of the Fourth District decision is pending in the Illinois Supreme Court. The Fourth District has stayed the issuance of its mandate at Emerald's request.

DECISION

8

The trial court is bound by this court's mandate and should consult the opinion to determine what the mandate requires. PSL Realty Co. v. Granite Investment Co., 86 Ill. 2d 291, 308-309, 427 N.E.2d 563 (1981). Whether the trial court complied with the mandate is a question of law, subject to de novo review. Clemons v. Mechanical Devices Co., 202 Ill. 2d 344, 352, 781 N.E.2d 1072 (2002). We will overturn the trial court's denial of a motion for a finding of contempt only where the court abused its discretion. Technology Innovation Center, Inc. v. Advanced Multiuser Technologies Corp., 315 Ill. App. 3d 238, 247, 732 N.E.2d 1129 (2000); Fairbanks Capital v. Coleman, 352 Ill. App. 3d 550, 555, 816 N.E.2d 695 (2004).

Emerald and Rosemont contend the Board's Resolution, granting Emerald a license but reserving the right to apply the pending revocation order to the new license, thwarts our mandate in Emerald [II]. Rosemont contends the Resolution is non-final and unenforceable, thus disobeying our mandate to allow plaintiffs to obtain "meaningful relief; that is, a license that can be used, that will be 'put to work.' " Emerald [II], 366 Ill. App. 3d at 115-16, quoting Emerald [I], 346 Ill. App. 3d at 34.

Rosemont contends the "law of the case" doctrine precludes revocation of the renewed license based on the prior revocation

order.  Because this court was aware of the December 2005 revocation order when we decided Emerald [II], and because we denied the Board's motion to stay the appeal, Rosemont says we must have intended that the prior revocation order no longer applies to Emerald's renewed application.  Rosemont is mistaken.

In Emerald [I], we clearly held the issue of renewal and relocation was separate from revocation.  We said:

> "Nothing in section 11.2(a) prevents the
> Board from moving to revoke Emerald's
> license.  In fact, the Board began revocation
> proceedings on March 6, 2001, obviously with
> something less than dispatch.  The May 1999
> legislative debates show us the legislature
> did not intend to tinker with the Board's
> authority to revoke Emerald's license."
> Emerald [I], 346 Ill. App. 3d at 34.

Again, in Emerald [II], we said:

> "We stress that our only intent is to address
> the question of whether our mandate has been
> enforced.  Nothing else.  Whether Emerald and
> Rosemont possess sufficient moral fiber to
> conduct and host a gambling business is not
> now our concern.  We said before and we say
> again: 'Nothing in section 11.2(a) prevents

10

the Board from moving to revoke Emerald's license.'  Emerald [I], 346 Ill. App. 3d at 34***"  Emerald [II], 366 Ill. App. 3d at 118.

In Emerald [II], we also cited Crusius, where the supreme court responded to the State's claim that a mandatory reading of section 11.2(a) undermines the Act's goal of strict regulation. Observing "revocation proceedings have, in fact, been initiated against" Emerald, the supreme court added:

"Thus, regardless of Emerald's eligibility for license renewal and relocation under section 11.2(a), if Emerald has failed to comply with the requirements of the Act, it could lose its riverboat gambling license in accordance with the Act's provisions, as is the case with any other licensee."  (Emphasis added.)  Crusius, 216 Ill. 2d at 333.

We believe the court's use of the word "has" reflects its view that the then-pending revocation proceedings could apply to the newly issued license.  We see no indication the court was thinking about future, post-license misconduct.  We see no intent to grant amnesty for pre-license behavior.  Nor are we so inclined.  Even if the supreme court's language is dictum, it is judicial dictum, which must receive dispositive weight in this

1-07-0881

court. People v. Williams, 204 Ill. 2d 191, 206-07, 788 N.E.2d 1126 (2003).

We reject Rosemont's contention that it is the "law of the case" that the Board may not apply the prior revocation order to the new license, or that our opinion in Emerald [II] would be merely advisory if we failed to rule for the plaintiffs. The issue before us in Emerald [II] was whether section 11.2(a) required the Board to grant Emerald's application for renewal and relocation. Our decision was not contingent on a future outcome. See Shipp v. County of Kankakee, 345 Ill. App. 3d 250, 255, 802 N.E.2d 284 (2003) (If the harm claimed by a plaintiff is speculative or contingent, the claim is unripe and the court should not decide it.)

Revocation was not an issue before us then, and it is not before us now. The only issue is whether the trial court and the Board complied with our mandate. They did.

We directed the court to order the Board to issue a license that was to "remain in effect for four years, subject to revocation proceedings." Emerald [II], 366 Ill App. 3d at 119.

Both the court and the Board followed our directions to the letter. We would have no reason to say "subject to revocation proceedings" unless we were referring to the ongoing disciplinary proceedings. We had read Crusius. And we knew the revocation issue was being reviewed by the Fourth District Appellate Court.

12

1-07-0881

The parties' citation to the legislative debates surrounding section 11.2 is not relevant to the issue of whether the court and Board followed our mandate. We are not interpreting any statutes in this case.

Nor are we persuaded by Rosemont's argument that section 7(g) of the Act allows a license-holder to renew its license after it has been revoked. See 230 ILCS 10/7(g) (West 2004) ("Upon the termination, expiration, or revocation of each of the first 10 licenses, which shall be issued for a 3 year period, all licenses are renewable annually***") In the prior appeals, plaintiffs argued section 7(g) did not apply to them. We said in Emerald [I] that section 11.2(a) makes no reference to section 7(g), "a seeming rebuttal to the Board's claim that the legislature could not have intended to disregard standards for renewal and relocation contained in other parts of the Act." Emerald [I], 346 Ill. App. 3d at 36. Certainly, the plaintiffs benefitted from our holding that a mandatory reading of "shall" in section 11.2(a) created an exception to the license renewal requirements in section 7 of the Act, Emerald [I], 346 Ill. App. 3d at 35, as they benefitted from our direction in Emerald [II] to issue a prospective license. Emerald [II], 366 Ill. App. 3d at 119. All that remained was for Emerald to win its revocation case, in the Fourth District or beyond.

We affirm the trial court's denial of plaintiffs' motion to

13

1-07-0881

compel compliance with our Emerald [II] mandate.

We also affirm the court's denial of the motion for a rule to show cause.  The court did not abuse its discretion in failing to find the Board in contempt.  The Board followed the directions of the circuit court pursuant to our mandate.

Affirmed.

CAHILL, P.J., and GARCIA, J., concur.