■ In the Matter of ALAMIT PROPERTIES CO., Respondent, v
PLANNING BOARD OF THE TOWN OF HARRISON et al., Appel-
lants, and PURCHASE ENVIRONMENTAL PROTECTIVE ASSOCIA-
TION, INC., Intervenor-Appellant.—In a proceeding pursuant to
CPLR article 78, *inter alia,* to review the updated Master Plan
of the Town of Harrison based upon an alleged failure of the
Planning Board to take the requisite "hard look" at certain
potential environmental consequences, the appeal, by permis-
sion, is from an order of the Supreme Court, Westchester
County (Colabella, J.), entered October 14, 1988, which, *inter
alia,* denied the appellants' motion to dismiss the petition.

Ordered that the order is reversed, on the law, with costs,
and the proceeding is dismissed.

The petitioner Alamit Properties Co. is a general partner-
ship which owns, *inter alia,* a 42-acre parcel of property
situated to the south of the Westchester County Airport in the
Town of Harrison. This undeveloped parcel is part of an area
of 140 acres which is the subject of the instant proceeding.
The petitioner's property has been, at all pertinent times, and
continues to be, zoned for residential development.

In 1972 the Planning Board of the Town of Harrison (here-
inafter the Planning Board) adopted a comprehensive Master
Plan which, while maintaining the residential zoning of the
petitioner's property, contained certain language which alleg-
edly recommended that upon the happening of certain condi-
tions, the land south of the airport (including the petitioner's)
might be suitable for commercial development. The Master
Plan was revised in 1980, but this language remained essen-
tially intact. In 1987, however, the Planning Board adopted an
updated Master Plan which deleted the recommendation that
the petitioner's land was suitable for commercial development.
Pursuant to this updated plan, the petitioner's property would
be subject only to residential development. It should be noted
that the record on appeal does not contain copies of any of the
aforementioned plans and the exact language deleted from the
prior Master Plan is thus not entirely clear.

The petitioner commenced the instant proceeding challeng-
ing the adoption of the updated Master Plan on the ground,
*inter alia,* that the Planning Board had failed to conduct an
adequate assessment of the environmental consequences
which might result from the changes recommended by the
updated Master Plan. Essentially the petitioner charged that

certain environmental and economic harms might arise as a consequence of the deletion of the recommendation for commercial development of its land. The petitioner alleged that notwithstanding the Planning Board's preparation and assessment of draft and final generic environmental impact statements, the Planning Board failed to take the requisite "hard look" at the environmental consequences accompanying the adoption of the updated Master Plan. The Planning Board responded to the petition by moving to dismiss this proceeding, *inter alia,* alleging that the petitioner lacked standing and that its claims were not ripe for adjudication.

Although we agree that the petitioner has standing to challenge the adequacy of the environmental review conducted by the Planning Board insofar as its updated Master Plan might affect the zoning of the petitioner's property *(see, Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524), it is clear that this matter is not ripe for adjudication. Any environmental harm which might befall the petitioner or any other residents of the Town of Harrison is purely speculative. Clearly the deletion of language providing that certain land might be put to commercial use inflicts no " 'actual, concrete injury' " on the petitioner *(Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 519, *cert denied* 479 US 985, quoting from *Williamson Planning Commn. v Hamilton Bank,* 473 US 172, 193). Indeed, this proposal has apparently remained in the prior Master Plan from 1972 until 1987 without ever having been implemented. Moreover, the harms cited by the petitioner will never be realized until the unimproved property is developed, at which time an additional environmental review will concededly be conducted. Accordingly, as the harm to be avoided is contingent upon events which may not occur *(see, Matter of New York State Inspection, Sec. & Law Enforcement Employees v Cuomo,* 64 NY2d 233) and since additional administrative proceedings must be conducted before the land is developed for either residential or commercial uses, this alleged controversy is not "ripe" for adjudication *(see, Church of St. Paul & St. Andrew v Barwick, supra,* at 521-522). Kooper, J. P., Harwood, Balletta and Miller, JJ., concur.