No. 2--06--0656      Filed:  8-3-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| SMART GROWTH SUGAR GROVE, LLC, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 05--MR--465 |
| | ) | |
| THE VILLAGE OF SUGAR GROVE, | ) | Honorable |
| | ) | Michael J. Colwell, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff, Smart Growth Sugar Grove, LLC, filed a six-count complaint against defendant, the Village of Sugar Grove (the Village), challenging (1) the Village's refusal to rezone plaintiff's property, which the Village had annexed in accordance with an agreement with plaintiff's predecessor; and (2) a provision in the Village's comprehensive plan recommending that the Village acquire a right-of-way across plaintiff's property for a possible highway interchange.  The Village moved to dismiss the complaint as untimely (see 735 ILCS 5/2--619(a)(5) (West 2004)) under section 7--1--46 of the Illinois Municipal Code (Code) (65 ILCS 5/7--1--46 (West 2004)), which states that a complaint directly or indirectly challenging the annexation of territory to a municipality be filed no later than a year after the annexation becomes final.  The Village also argued that the counts of the complaint challenging the comprehensive plan were unripe.  The trial court held that all of the counts were untimely, and it dismissed the complaint.

Plaintiff appeals, contending that (1) the two counts of its complaint attacking the Village's refusal to rezone its property are not governed by section 7--1--46 of the Code; and (2) the trial court erred in dismissing the four counts of the complaint directed against the Village's comprehensive plan, as these counts are not governed by section 7--1--46 of the Code and are ripe for adjudication. We hold that the trial court correctly dismissed the counts of the complaint challenging the annexation as time-barred and that the dismissal of the remaining counts was proper under the ripeness doctrine. Therefore, we affirm.

On October 31, 2005, plaintiff filed its complaint. It alleges the following facts common to all counts. Plaintiff owns 89.40 unimproved acres located south of I-88 on either side of Bliss Road. On July 23, 2002, the Village passed an ordinance annexing the property. In compliance with a 1991 preannexation agreement with plaintiff's predecessor, the Village zoned the property OR-2 office-research. In April 2005, the Village amended its comprehensive plan so that it now recommends that plaintiff's property be developed for single-family residential use, not office-research use. The plan also recommends that the Village set aside land for the development of a highway interchange at Bliss Road and I-88. The plan states that, although developing the interchange "is not an immediate priority for either the Tollway Authority or the Village," a right-of-way could be acquired "as adjacent property develops." It is not clear whether this recommendation predated plaintiff's application for rezoning, but it was in the comprehensive plan by the time that the Village staff reported on the application.

On or about September 13, 2004, plaintiff applied to the Village to rezone the property R-2 residential and for preliminary approval of a plat of subdivision so that plaintiff could develop its property with single-family homes, parks, and open spaces. In various meetings and reports, the

Village staff recommended denying the rezoning application because (1) it did not set aside any land for the highway interchange that the comprehensive plan recommended; (2) in violation of a Village ordinance, plaintiff did not apply for a planned unit development (PUD); and (3) the preannexation agreement bound plaintiff to accept OR-2 zoning for the property. However, the staff also stated that plaintiff's proposed residential development "would be generally consistent" with the comprehensive plan and "could be an appropriate land use for the area." On September 20, 2005, the Village Board denied plaintiff's application for rezoning. (We have no record of the decision itself.)

Counts I through IV of plaintiff's complaint are directed against the comprehensive plan's proposal to use part of plaintiff's property for a highway interchange. Count I alleges that this set-aside is arbitrary and that obtaining the right-of-way would unfairly diminish the value of plaintiff's property, and it requests a judgment declaring the set-aside proposal void and enjoining the Village from enforcing it or acting upon it. Count II alleges that the set-aside violates substantive due process because plaintiff would bear an undue share of the costs of the interchange, and it requests a declaratory judgment and damages. Count III alleges that the set-aside is a taking without just compensation, and it requests a declaratory judgment and damages. Count IV, pleaded in the alternative to count III, alleges that, even if the set-aside is valid, plaintiff is entitled to just compensation from the Village.

Count V of the complaint is directed against the Village's denial of plaintiff's rezoning request and alleges as follows. Under the Village's comprehensive plan, the land south, west, and east of plaintiff's property is all designated residential. Almost all the property south of plaintiff's property is zoned R-2 residential, and plaintiff's proposed development is consistent with the two residential developments immediately to the south. The land directly east and west of plaintiff's

property is used for agriculture. Directly north of plaintiff's property is I-88; the land north of I-88, in unincorporated Kane County, is used for agriculture. OR-2 zoning is not suited to plaintiff's property and is inconsistent with the trend of development in the area. Furthermore, the uses permitted by OR-2 zoning would generate more traffic, noise, and parking than plaintiff's proposed development. Therefore, the present zoning is arbitrary and capricious and effects a taking without just compensation. Count V seeks a declaratory judgment that the OR-2 zoning is unconstitutional insofar as it bars the proposed development and an injunction to prevent the Village from prohibiting or delaying the development.

Count VI of the complaint alleges that one reason that the Village denied plaintiff's request for rezoning was that a Village ordinance requires any residential subdivision consisting of more than 3 acres or more than 10 lots to be processed as a PUD. According to count VI, this requirement applies to almost all residential subdivisions in the Village, including the one that plaintiff hopes to build, and is arbitrary and capricious. Count VI asks the court to declare the PUD ordinance unconstitutional and to prohibit the Village from enforcing it against plaintiff's property.

Attached to the complaint are copies of the July 23, 2002, annexation ordinance and the pre-annexation agreement that it incorporates. The agreement is dated April 22, 1991, and is signed by the Village and Robert Cerny, plaintiff's predecessor in title. It states in part that, within 10 years, the owner shall petition the Village to annex the property and that the Village shall do so subject to the agreement's terms. Among these terms is section 2, the first paragraph of which reads:

> "Upon annexation, the Property *** shall be zoned and classified as OR-2, Office
> Research, district pursuant to the provisions of the current Board of the Village of Sugar
> Grove Zoning Ordinance regulating same, subject to the additional conditions, variations,

and restrictions hereinafter set forth, and shall be used and developed only in accordance with the provisions contained herein, with all applicable statutes and ordinances, and shall be allowed the use as set forth in the currect [sic] OR classification." (Emphasis in original.)

Section 2 also states that, in any office building erected on the property, certain enumerated business uses not allowed under OR-2 zoning are permitted on the first floor of the building and that the owner may be allowed one restaurant building not exceeding five acres, subject to the Village's approval. Finally, section 2 states that the owner may continue the present nonconforming use of the property for agricultural purposes but may not expand that use.

Section 20 states that the agreement shall bind the parties and their successors for 20 years "from the date of execution hereof." Section 21 states that, if the owner sells all or part of the property, his obligations shall devolve upon the buyer to the extent of the transfer.

The Village moved to dismiss plaintiff's complaint, asserting two grounds. The Village contended first that the rezoning that plaintiff sought was barred by the agreement and by section 11--15.1 of the Code (65 ILCS 5/11--15.1--1 et seq. (West 2004)) because the agreement bound plaintiff and thus required it to accept the OR-2 zoning that the agreement imposed. The Village went further, contending that the relief that plaintiff sought was illegal because it would require the Village to breach its contractual obligation by allowing uses that the agreement prohibited.

The Village's second ground for dismissal was section 7--1--46 of the Code (65 ILCS 5/7--1--46 (West 2004)), which states that "an action contesting either directly or indirectly the annexation of any territory to a municipality" may not be commenced more than a year after the date that the annexation becomes final. The Village noted that plaintiff's complaint, filed October 31, 2005, asks the trial court to abrogate the zoning that was imposed on July 23, 2002, when the Village passed

the ordinance that adopted the preannexation agreement. Thus, according to the Village, the complaint indirectly challenges the annexation itself and, as a result, is untimely.

Plaintiff responded to the motion with several arguments. It contended first that counts I through IV of the complaint challenge the comprehensive plan's set-aside provision, not the Village's denial of plaintiff's request for rezoning, and thus are not barred by the agreement or section 7--1--46 of the Code. Plaintiff contended next that the agreement does not prevent the Village from granting the rezoning petition but only from changing the zoning without plaintiff's consent. Plaintiff contended finally that section 7--1--46 of the Code does not apply to the last two counts of the complaint because plaintiff has not challenged "the underlying ordinance that rezoned the property to the OR-2 classification" but only the Village's denial of plaintiff's rezoning request.

In reply, the Village contended that the entire complaint, including the first four counts, stems from the Village's denial of rezoning and thus is barred by the agreement and section 7--1--46 of the Code. The Village contended next that, insofar as the complaint alleges that the comprehensive plan violates plaintiff's rights, the action is not ripe. The Village observed that, under section 11--12--6 of the Code (65 ILCS 5/11--12--6 (West 2004)) and case law (City of Chicago Heights v. Living Word Outreach Full Gospel Church & Ministries, Inc., 196 Ill. 2d 1, 22-23 (2001)), a comprehensive plan is strictly advisory and has no legal effect by itself. Thus, the Village concluded, the plan's mere recommendations cannot inflict a legally cognizable injury. Apparently, plaintiff did not respond specifically to this argument.

The trial court dismissed the entire complaint as barred by section 7--1--46 of the Code. The court explained that the counts challenging the comprehensive plan are time-barred because they are based on a challenge to the denial of plaintiff's rezoning petition. Plaintiff timely appealed.

On appeal, plaintiff contends that (1) the trial court erred in holding that counts V and VI of its complaint, which challenge the Village's denial of plaintiff's rezoning request, are barred by section 7--1--46's one-year statute of limitations; and (2) even if section 7--1--46 applies to counts V and VI, counts I through IV of the complaint are not governed by section 7--1--46 and thus should not have been dismissed. In response, the Village contends that section 7--1--46 applies to all six counts of the complaint, and it also argues that the dismissal of counts I through IV was proper because they fail to allege a ripe controversy.

For the reasons that follow, we hold that (1) the dismissal of counts V and VI as barred by section 7--1--46 of the Code was correct; and (2) the dismissal of counts I through IV was correct because, to the extent that they are independent of a challenge to the annexation, they are not ripe. Although our reasoning differs from that which the trial court used, we may affirm the judgment on any ground of record. See Hoffman v. Altamore, 352 Ill. App. 3d 246, 255 (2004).

We hold first that the trial court properly dismissed the last two counts of plaintiff's complaint, contesting the Village's denial of plaintiff's rezoning request. We agree with the Village that these counts are time-barred under section 7--1--46 of the Code.

We review de novo the trial court's ruling on the Village's section 2--619 motion to dismiss. See Kawaguchi v. Gainer, 361 Ill. App. 3d 229, 237 (2005). Our resolution of the issue that the motion raises depends on the construction of section 7--1--46 of the Code. Statutory construction raises issues of law that we review de novo. In re Estate of Dierkes, 191 Ill. 2d 326, 330 (2000). Our overriding goal is to ascertain the legislature's intent. Garcia v. Nelson, 326 Ill. App. 3d 33, 38 (2001). Ordinarily, the statutory language is the best guide to intent, and, if it is unambiguous, we must follow it. Garcia, 326 Ill. App. 3d at 38.

As pertinent here, section 7--1--46 states that any action "contesting either directly or indirectly the annexation of any territory to a municipality" must be initiated within one year after the date that the annexation becomes final. 65 ILCS 5/7--1--46 (West 2004). We agree with the Village that this language unambiguously applies to counts V and VI of plaintiff's complaint, and we reject plaintiff's contention that these counts contest only the zoning of its property and not the actual annexation. Although counts V and VI do not directly contest the annexation, they do so indirectly.

Counts V and VI explicitly challenge only the present zoning of plaintiff's property and the PUD ordinance that the Village allegedly relied on in part to reject plaintiff's application for rezoning. However, the present zoning is the direct result of the annexation ordinance, which adopted the agreement that required the property to be zoned OR-2. An annexation or preannexation agreement executed under section 11--15.1 of the Code (65 ILCS 5/11--15.1--1 et seq. (West 2004)) may include an agreement on the zoning of the property that is the subject of the annexation. Langendorf v. City of Urbana, 197 Ill. 2d 100, 105 (2001). Once made into law by the annexation ordinance, the preannexation agreement bound Cerny, and now binds plaintiff, to accept OR-2 zoning for the property. Plaintiff cannot have the OR-2 zoning abrogated by judicial decision unless it is entitled to have the annexation ordinance invalidated, at least in part.

Plaintiff's contention that its suit challenges only the present zoning of the property, and not the annexation that imposed that zoning, is inconsistent with the plain language of section 7--1--46 of the Code. As important, it is foreclosed by our supreme court's holding in Langendorf. There, the municipality entered into annexation agreements with the owners of two properties. In accordance with the agreements, the city rezoned the properties. The plaintiff, who did not own either property, contested the rezoning. The trial court dismissed the suit as untimely under section

7--1--46 of the Code. The appellate court reversed, but the supreme court affirmed the trial court. Langendorf, 197 Ill. 2d at 102.

The supreme court agreed with the trial court that "[the] attack on the zoning actions [was], in reality, an attack on the annexation agreements themselves" because, in entering into the agreements, the city bound itself to effect the rezoning. Langendorf, 197 Ill. 2d at 104. The court observed that the agreements themselves showed that the rezoning of the properties "was an integral part of and was in fact the essential condition of and consideration for the agreements." Langendorf, 197 Ill. 2d at 107. Thus, contesting the rezoning was tantamount to contesting the annexations. The court endorsed our holding in Echo Lake Concerned Citizens Homeowners Ass'n, Inc. v. Village of Lake Zurich, 68 Ill. App. 3d 219 (1979), that a constitutional challenge to a rezoning pursuant to an annexation agreement was governed by section 7--1--46 of the Code. Because the agreement there (like the ones in Langendorf) made rezoning a prerequisite to annexation, "a successful attack on the rezoning could lead to a suit by the owners to declare the annexation void." Langendorf, 197 Ill. 2d at 108; see Echo Lake, 68 Ill. App. 3d at 223.

The supreme court noted that the specially concurring justice in Echo Lake would have held that an attack on the zoning adopted through annexation need not be an attack on the annexation itself merely because it might give rise to a suit against the municipality. Langendorf, 197 Ill. 2d at 108; see Echo Lake, 68 Ill. App. 3d at 226 (Seidenfeld, J., specially concurring). However, the supreme court "[found] the reasoning of the majority in Echo Lake to be more persuasive." Langendorf, 197 Ill. 2d at 109. The court explained that section 7--1--46 applies to actions that "indirectly" contest annexations and that to exclude challenges to a zoning decision that was part and parcel of an annexation agreement would read the term "indirectly" out of the statute. Further, it

would ignore the legislature's intent to shield such a zoning provision from attack after a year had passed. Langendorf, 197 Ill. 2d at 109.

Following Langendorf, we conclude that counts V and VI are untimely under section 7--1--46 of the Code. By seeking to invalidate the zoning that the Village imposed when it wrote the preannexation agreement into law, plaintiff is seeking to void its obligation under the agreement. Moreover, as with the agreements in Langendorf and Echo Lake, the text of the preannexation agreement demonstrates that the zoning requirement was part of the consideration that the Village received for entering into the bargain. The agreement imposes the specified zoning for the maximum period of 20 years (see Ill. Rev. Stat. 1991, ch. 24, par. 11--15.1--1 (now, as amended, 65 ILCS 5/11--15.1--1 (West 2004))). It carefully restricts the uses that the owner may make of the property, including nonconforming uses, and requires the Village's approval for the few uses that it allows other than those permitted by OR-2 zoning. The benefit to the Village from including the zoning requirement in the agreement is not merely that the OR-2 zoning per se might be in the Village's interest, but also that fixing the present zoning for at least 20 years could help the Village "ensure the predictability necessary for orderly growth and development." Langendorf, 197 Ill. 2d at 105.

Contrary to what plaintiff maintains, it is not crucial here that the challenge to the zoning is being brought by a party to the preannexation agreement rather than a third party, and we need not examine whether a successful attack on the present zoning would lead to lawsuits challenging the annexation itself. Plaintiff's challenge to the zoning is in itself an attempt to nullify part of the agreement. Under section 7--1--46 of the Code, it was not timely filed.

Plaintiff does not specifically argue that count VI contests only the PUD ordinance and not the annexation. In any event, we would see no merit in such an argument. It appears that, by its character, the PUD ordinance applies only to property upon which residential development is

permitted, and thus it is triggered here only if plaintiff's property is rezoned. See Black's Law Dictionary 1171 (7th ed. 1999). We note that the Village staff recommended that plaintiff's application for rezoning be denied because (among other reasons) plaintiff had not submitted an application for a PUD. To the extent that the Village's denial of plaintiff's rezoning application was based on plaintiff's refusal to follow the PUD ordinance (as plaintiff's complaint alleges conclusionally that it was), plaintiff's challenge to the PUD ordinance indirectly contests the current zoning and thus the annexation. However, if the Village's decision had nothing to do with the PUD ordinance, then the PUD ordinance caused plaintiff no injury and can cause plaintiff no harm now, as the PUD ordinance is irrelevant as long as plaintiff may not use its property for residential purposes. Thus, to the extent that count VI does not contest the denial of rezoning, it alleges no injury at all, and was properly dismissed for that reason.

The Village asserts that counts V and VI are barred for a second reason: that the Village may not rezone the property even if it wanted to because doing so would breach its obligation under the agreement to maintain the present zoning for 20 years. Plaintiff responds, not wholly implausibly, that if both parties to the agreement desire rezoning, nothing prevents the Village from waiving its contractual right to the present zoning. We need not decide whether the Village may voluntarily forgo its rights under the agreement, as it emphatically has not done so. Because plaintiff's challenge to the denial of rezoning is untimely, we do not decide whether it is barred for other reasons as well.

We turn to the dismissal of counts I through IV of the complaint, which assert that the Village's comprehensive plan violates plaintiff's rights by recommending using part of plaintiff's property for a highway interchange. The trial court held that these counts are barred by section 7--1--46 of the Code because they are "based on a constitutional challenge to the zoning or the failure to

rezone." Plaintiff disagrees, noting that the comprehensive plan's recommendation is separate from the zoning issue, as the Village can condemn a right-of-way for a highway interchange regardless of whether plaintiff's property is zoned OR-2 or R-2.

We believe that plaintiff is partially correct. The only connection between the Village's rezoning decision and the comprehensive plan's interchange provision is that the Village Board allegedly relied on the provision as one ground to deny rezoning. To this extent, plaintiff's challenge to the provision indirectly contests the present zoning, and thus the annexation.

However, we agree with plaintiff that the challenge to the set-aside provision also stands on its own, apart from the rezoning controversy. Unlike the PUD ordinance, which comes into play only if residential development is permitted, the set-aside proposal retains whatever life it has regardless of how plaintiff's property is zoned. Nothing suggests that the Village would forgo seeking to obtain the right-of-way merely because plaintiff's property remained zoned OR-2. Thus, even had plaintiff declined to seek rezoning, the set-aside provision would have posed the same problems as it does now. Therefore, we cannot agree with the trial court that the first four counts of plaintiff's complaint are no more than an indirect attack on the annexation that imposed the present zoning. Nonetheless, we affirm the dismissal of these counts because we agree with the Village that the comprehensive plan's mere proposal that the Village obtain a right-of-way across plaintiff's property does not create a ripe controversy.

Illinois courts may rule on actual controversies only. Crawford v. City of Chicago, 304 Ill. App. 3d 818, 822 (1999). In particular, a complaint for a declaratory judgment, such as counts I through IV seek, requires an "actual controversy." 735 ILCS 5/2--701 (West 2004). We may not pass judgment on mere abstract propositions of law, render advisory opinions, or give legal advice

about future events. Shipp v. County of Kankakee, 345 Ill. App. 3d 250, 255 (2003); Crawford, 304 Ill. App. 3d at 823. Thus, if the harm that a plaintiff claims is merely speculative or contingent, the claim is unripe and a court should not decide it. Shipp, 345 Ill. App. 3d at 255.

Under the Code, a comprehensive plan "shall be advisory and in and of itself shall not be construed to regulate or control the use of private property in any way, except as to such part thereof as has been implemented by ordinances duly enacted by the corporate authorities." 65 ILCS 5/11--12--6 (West 2004). Plainly put, "[a] zoning ordinance is law; [a] comprehensive plan is not." Living Word Outreach Full Gospel Church & Ministries, Inc., 196 Ill. 2d at 22.

Plaintiff observes that, although the comprehensive plan is not itself law, the Village's ordinances do, to an extent, give it the effect of law. Specifically, plaintiff notes that, under section 11--31--11(F)(1) of the Village of Sugar Grove Zoning Ordinance (Sugar Grove Zoning Ordinance §11--31--11(F)(1) (eff. ____)), the Village Board may not grant an amendment to the zoning map unless it shall determine, based upon the evidence presented to the planning commission, that the amendment complies with the comprehensive plan. Plaintiff is correct that, under this section, the comprehensive plan is not purely advisory, insofar as compliance is required in order to obtain rezoning. But we are unpersuaded that this makes plaintiff's challenge to the comprehensive plan's set-aside recommendation, which applies however the property is zoned, ripe.

Of course, we agree with plaintiff that counts I through IV stand on their own as an attack on the set-aside provision itself. However, the recommendation itself is still only that; it does not bind the Village, and there is nothing to suggest that the Village has passed any legislation that would actually give the recommendation the force of law, except as a ground to deny rezoning. Therefore, plaintiff can allege only speculative or contingent injury. Indeed, the speculative and

contingent character of any such injury is well documented by the complaint itself, which notes that the comprehensive plan states that developing the interchange "is not an immediate priority for either the Tollway Authority or the Village." Regardless of whether the interchange is an immediate priority, we agree with the Village that the mere proposal to build the interchange is not actionable. Deciding whether the proposed interchange would violate plaintiff's rights would require us to provide the sort of advisory opinion or legal advice about future events that we may not provide.

Apparently, no Illinois case addresses directly whether a nonbinding recommendation in a comprehensive plan creates an actionable controversy. However, courts elsewhere have held that it does not. In Theobald v. Board of County Commissioners, 644 P.2d 942 (Colo. 1982), several property owners obtained a declaratory judgment that the county's comprehensive land use code (code) was unconstitutional both facially and as applied to their properties. The Colorado Supreme Court reversed, holding that the issue was not ripe. The court noted that the code was merely advisory and had no effect until it was implemented by binding legislation (Theobald, 644 P.2d at 949) and that the property owners did not allege that "they had applied for and been denied proposed uses of their properties based on [the code]" (Theobald, 644 P.2d at 950). Therefore, their claims did not allege "a direct injury to a legally protected interest" so as to present an actual controversy, and the controversy was not ripe. Theobald, 644 P.2d at 950.

In Alamit Properties Co. v. Planning Board of Town of Harrison, 159 A.D.2d 703, 553 N.Y.S.2d 440 (1990), the plaintiff's property was zoned residential. The defendant's master plan originally stated that, if certain contingencies were later satisfied, the land might be suitable for commercial development. However, the defendant amended the plan by deleting this language, so that the plan endorsed only residential development for the property. The plaintiff challenged the

amendment, alleging that the defendant had not sufficiently assessed the environmental consequences. The reviewing court held that the action should have been dismissed. It explained that any environmental harm from the amendment was "purely speculative," so that the amendment caused the plaintiff no actual injury. Alamit Properties, 159 A.D.2d at 704, 553 N.Y.S.2d at 441.

We believe that Theobald and Alamit Properties are sound and consistent with Illinois law, and we apply their reasoning here. The comprehensive plan's recommendation that the Village obtain a right-of-way across plaintiff's property for a highway interchange is not binding legislation, and plaintiff has not alleged that the Village has in any way acted on it (other than making it a ground to deny rezoning). Indeed, plaintiff has noted that the comprehensive plan does not make the interchange an "immediate priority." Thus, the plan's mere recommendation inflicts no legal injury on plaintiff, and the first four counts of the complaint do not allege a ripe controversy.

In contending otherwise, plaintiff asserts that this case is indistinguishable from Harris Bank of Roselle v. Village of Mettawa, 243 Ill. App. 3d 103 (1993). There, the plaintiff sought a declaratory judgment to invalidate ordinances that barred the use of its property for a proposed development. The defendant argued that the controversy was unripe because, even were the ordinances invalidated, the development would still be prohibited by the defendant's zoning ordinance anyway. We disagreed and held that the controversy was ripe and thus proper for resolution by a declaratory judgment action. We explained that, regardless of the effect of the zoning ordinance, the challenged ordinances were in themselves legal barriers to the development. Therefore, an action to have them invalidated raised an actual controversy. Harris Bank, 243 Ill. App. 3d at 111-12.

The obvious point of distinction between the present case and <u>Harris Bank</u> is that an ordinance is not mere advice but law; as such, it may give rise to "concrete disputes" that a court can settle in order to make "a definitive and immediate determination of the rights of the parties." <u>Harris Bank</u>, 243 Ill. App. 3d at 111. Because the comprehensive plan's recommendation that an interchange be built is merely advisory, it does not present such concrete disputes. Therefore, <u>Harris Bank</u> does not help plaintiff. The first four counts of the complaint do not present a ripe controversy, and thus they were properly dismissed.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

BOWMAN and ZENOFF, JJ., concur.