# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Powers v. Rosine*, 2011 IL App (3d) 100070

---

| | |
|---|---|
| Appellate Court Caption | DENNIS E. POWERS and BRENDA J. STORY-PHILLIPS, Individually, Plaintiffs-Appellees, v. EUGENE M. ROSINE, Defendant (Scott E. Umland, Defendant's Attorney, Contemnor-Appellant). |
| District & No. | Third District<br>Docket No. 3-10-0070 |
| Filed | August 23, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for personal injuries arising from an automobile accident involving a drunk driver where plaintiffs sought punitive damages, the trial court properly granted plaintiffs' motion for supplemental discovery concerning defendant's financial status. |
| Decision Under Review | Appeal from the Circuit Court of Tazewell County, No. 08-L-120; the Hon. Scott A. Shore, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Scott E. Umland, of Fleming & Umland, of Peoria, for appellant.

Edward R. Durree and Christopher H. Sokn, both of Kingery, Durree, Wakeman & Ryan, of Peoria, for appellees.

Panel

JUSTICE McDADE delivered the judgment of the court, with opinion.

Presiding Justice Carter and Justice Holdridge concurred in the judgment and opinion.

**OPINION**

¶ 1        The plaintiffs, Dennis E. Powers and Brenda J. Story-Phillips, brought suit against the defendant, Eugene M. Rosine, after sustaining injuries in an automobile accident caused by Rosine. The court granted the plaintiffs' motion for leave to propound supplemental discovery to obtain information of Rosine's financial status pursuant to their request for punitive damages. Rosine and his attorney, Scott E. Umland, objected to this request and refused to disclose Rosine's financial information. Umland subsequently filed a "Request for Contempt Order" seeking "to test the correctness of the trial court's discovery order." The trial court thus found Umland in contempt. On appeal, Rosine and Umland contend that: (1) in a case where the plaintiffs seek punitive damages, evidence of a defendant's financial status is not relevant, discoverable or admissible; and (2) the due process analysis in the cases of *International Union of Operating Engineers, Local 150 v. Lowe Excavating Co.*, 225 Ill. 2d 456 (2006), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), "unintentionally creates a violation of state and federal equal protection clauses by irrationally protecting wealthy defendants and prejudicing less wealthy defendants." We affirm.

¶ 2                                        FACTS

¶ 3        The record indicates that on September 17, 2008, the plaintiffs filed a complaint against Rosine for injuries they sustained during an automobile accident where Rosine drove under the influence and collided with Powers' vehicle and the vehicle in which Story-Phillips was a passenger. Both Powers and Story-Phillips suffered injuries, and Rosine subsequently pled guilty to a charge of driving under the influence.

¶ 4        On January 28, 2009, the plaintiffs filed an amended complaint seeking to include a request for punitive damages. Pursuant to the filing of their amended complaint, the plaintiffs also filed a motion for leave to propound supplemental discovery of Rosine's financial status. The plaintiffs specifically contended that since they now sought punitive damages from

Rosine, his financial status was relevant and discoverable. Rosine filed a motion objecting to the plaintiffs' request. After a July 31, 2009, hearing, the trial court granted the plaintiffs' motion to propound supplemental discovery of Rosine's financial status.

¶ 5   The plaintiffs subsequently served Rosine with a request for supplemental discovery regarding his financial status. In turn, Rosine filed a motion objecting to plaintiffs' discovery request, contending that if the jury or court considered his wealth in fashioning an award of punitive damages, it would violate the equal protection clauses of the United States and Illinois Constitutions. Rosine thus did not answer the plaintiffs' request for discovery of his financial status. The plaintiffs then filed a motion to compel discovery, and on November 24, 2009, the trial court entered an order directing Rosine to respond to the discovery requests regarding his financial status.

¶ 6   On December 22, 2009, Umland filed a motion requesting a finding of contempt for failing to respond to the plaintiffs' request for supplemental discovery on Rosine's financial status. The trial court granted Umland's motion and found him in contempt of court. Umland appealed.

¶ 7                                    ANALYSIS

¶ 8   On appeal, Umland first contends that "in cases where plaintiffs seek punitive damages, a defendant's financial worth is [not] relevant, discoverable and/or admissible *in light of* the due process analysis expressed in *Lowe Excavating*, 225 Ill. 2d 456, *Gore*, 517 U.S. 559, and *Campbell*, 538 U.S. 408, regarding the constitutionality of punitive damages awards." (Emphasis in original). Based on our review of the record, however, we believe the issue should be framed differently. Specifically, the question presented to this court is whether the trial court abused its discretion when it compelled Rosine to answer discovery regarding his financial status, and when it subsequently found Umland in contempt for failing to do so.

¶ 9   Our analysis begins with an examination of the law of punitive damages. There are two separate challenges available to a defendant who seeks to contest an award of punitive damages against him–one is a constitutional challenge, and the other arises pursuant to Illinois common law. See *Franz v. Calaco Development Corp.*, 352 Ill. App. 3d 1129 (2004). Illinois courts have long recognized that "[t]he Illinois common law punitive damages inquiry is distinct from the constitutional challenge." *Blount v. Stroud*, 395 Ill. App. 3d 8, 22 (2009); see also *Dubey v. Public Storage, Inc.*, 395 Ill. App. 3d 342 (2009); *Lawlor v. North American Corp of Illinois*, 409 Ill. App. 3d 149 (2011).

¶ 10  Punitive damages awards are intended to serve two purposes; first, to punish the wrongdoer, and second, to deter that party and others from committing similar wrongs in the future. *Deal v. Byford*, 127 Ill. 2d 192 (1989). Thus, the assessment of punitive damages is a " 'fact-sensitive' undertaking." *Franz*, 352 Ill. App. 3d at 1142 (citing *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 437 n.11 (2001)). In assessing whether an award of punitive damages is excessive in a particular case, Illinois courts consider a fact-specific set of relevant circumstances, including: (1) the nature and enormity of the wrong; (2) the financial status of the defendant; and (3) the potential liability of the defendant. *Franz*, 352 Ill. App. 3d 1129; see also *Deal*, 127 Ill. 2d 192.

¶ 11    The financial status of the defendant is important because an amount sufficient to deter one individual may be trivial to another. *Black v. Iovino*, 219 Ill. App. 3d 378 (1991); see also *Fopay v. Noveroske*, 31 Ill. App. 3d 182, 200 (1975) (court noted that "the law in Illinois clearly allows evidence of the defendant's net worth and pecuniary position in cases in which punitive damages are proper"). Essentially, the amount of the punitive damages award should send a clear message loud enough to be heard, but not so loud as to deafen the listener. *Ciampi v. Ogden Chrysler Plymouth, Inc.*, 262 Ill. App. 3d 94 (1994).

¶ 12    Illinois Supreme Court Rule 201(b)(1) (eff. July 1, 2002) provides for broad discovery and warrants "full disclosure regarding any matter relevant to the subject matter involved in the pending action." A trial court is "afforded great latitude in determining the scope of pretrial discovery, as the concept of relevance for discovery purposes encompasses not only what is admissible at trial, but also that which may lead to the discovery of admissible evidence." *Tomczak v. Ingalls Memorial Hospital*, 359 Ill. App. 3d 448, 456 (2005). A trial court's ruling on a motion to compel discovery will not be reversed absent an affirmative and clear showing of an abuse of discretion. *Tomczak*, 359 Ill. App. 3d 448.

¶ 13    We conclude that in this case, Rosine's financial status is relevant and therefore properly discoverable. Here, the trial court permitted the plaintiffs to file an amended complaint to include a request for punitive damages. On appeal, Umland does not challenge the propriety of this ruling. Pursuant to well-established Illinois common law jurisprudence, the financial status of a defendant is relevant in a case where a judge or jury may properly assess an award of punitive damages, as the intent of a punitive damage award is to punish the wrongdoer and deter that person, and others, from committing similar acts in the future. Consequently, information regarding Rosine's financial status would need to be admitted to accomplish these purposes in this case.

¶ 14    Additionally, we note that a defendant may seek to challenge an award of punitive damages on appeal under the Illinois common law, the constitution, or both. Accordingly, in order to furnish a complete record for review, evidence of the defendant's financial status is necessary for an appellate court to properly review a challenge to an award of punitive damages under the Illinois common law. Thus, it follows that in order to make a complete record for review, this information must be relevant, discoverable, and admissible at trial.

¶ 15    Essentially, we agree with the plaintiffs' contention that Umland has offered an argument on appeal that only acknowledges case law centered on a constitutional review of an award of punitive damages. However, a defendant may request a court to review whether an award of punitive damages is excessive under the constitution, Illinois common law, or both. We make no comment on whether the financial status of a defendant is a relevant consideration under the constitutional inquiry, as that question is not before us today. Moreover, our review of the cases cited by Umland indicates that these courts considered only the constitutional side of the inquiry.

¶ 16    Specifically, the *Lowe* court noted "that neither party [was] raising a common law challenge to the award of punitive damages." *Lowe*, 225 Ill. 2d at 466. Nothing in the language of *Lowe* indicates that our supreme court intended to extend its analysis of the constitutional claim to the common law challenge to punitive damages. Additionally, we note

that the Supreme Court in *Gore* and *Campbell* concluded that the respective punitive damages awards were excessive in violation of the fourteenth amendment due process clause. *Gore*, 517 U.S. 559; *Campbell*, 538 U.S. 408. Neither Court commented on the propriety of an award of punitive damages under an alternate standard, nor did they extend the federal constitutional analysis to the common law of any state.

¶ 17 Furthermore, we have not found, and defense counsel has not cited, a case or statute providing either that the financial status of a defendant is no longer a relevant inquiry under the Illinois common law, or that the financial status is wholly inadmissible in a trial involving punitive damages. Therefore, we conclude that the trial court did not abuse its discretion when it permitted the plaintiffs to propound supplemental discovery on Rosine regarding his financial status. Accordingly, the court did not err when it found Umland in contempt. However, because the plaintiffs do not object, we will grant Umland his requested relief of vacating the contempt order.

¶ 18 Umland also contends that the due process analysis in *Lowe Excavating*, *Gore* and *Campbell* unintentionally creates a violation of the equal protection clauses of the state and federal constitutions by irrationally protecting wealthy defendants and prejudicing less wealthy defendants. This case, however, is still in the pretrial stages; thus, neither the jury nor the court has imposed an award of punitive damages against Rosine. Consequently, in the absence of an actual award of punitive damages, we do not have sufficient information to determine whether an award of punitive damages has violated Rosine's right to equal protection under the constitution. Therefore, this question is not ripe for our consideration, and we may not now consider it. See *Smart Growth Sugar Grove, LLC v. Village of Sugar Grove*, 375 Ill. App. 3d 780 (2007) (court noted that if the harm claimed by a plaintiff is speculative, the claim is unripe and the court should not rule on it).

¶ 19                                      CONCLUSION

¶ 20 For the foregoing reasons, the judgment of the trial court of Tazewell County is affirmed.

¶ 21 Affirmed.