In a proceeding pursuant to CFLR article 78 to review a determination of the respondents dated March 1, 2011, approving and adopting the Rockland County Comprehensive Flan, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Garvey, J.), dated October 7, 2011, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with costs.
In this CFLR article 78 proceeding, the petitioners challenged the determination of the Legislature of Rockland County and the County of Rockland (hereinafter together the respondents) to approve and adopt the Rockland County Comprehensive Flan (hereinafter the comprehensive plan). The petitioners alleged that various provisions of the comprehensive plan relating to the development of a pedestrian and bicycle trail network which, together, the petitioners refer to as the “three-in-one” plan, *643 violated the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). The petitioners contend that the respondents violated SEQRA by failing to adequately examine the effect that the development of such trails would have on the natural resources the petitioners seek to protect. The respondents contend, inter alia, that the comprehensive plan consisted only of recommendations, and not specific plans for development, and that the matter was, therefore, not ripe for review. The Supreme Court agreed, and denied the petition and dismissed the proceeding on that basis.
To challenge an administrative action such as that at issue here, the action must be final (see Matter of Essex County v Zagata, 91 NY2d 447, 452-453 [1998]). Administrative actions are not final “ ‘unless and until they impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process’ ” (id. at 453, quoting Chicago & Southern Air Lines, Inc. v Waterman S. S. Corp., 333 US 103, 113 [1948]). A determination is not final where the injury complained of may be “ ‘prevented or significantly ameliorated by further administrative action or by steps available to the complaining party’ ” (Matter of Essex County v Zagata, 91 NY2d at 453, quoting Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 520 [1986], cert denied 479 US 985 [1986]; see Matter of Alamit Props. Co. v Planning Bd. of Town of Harrison, 159 AD2d 703, 704 [1990]). Similarly, where the anticipated harm is “insignificant, remote or contingent[,] the controversy is not ripe” (Church of St. Paul & St. Andrew v Barwick, 67 NY2d at 520 [citation omitted]; see Matter of Alamit Props. Co. v Planning Bd. of Town of Harrison, 159 AD2d at 704).
Here, because the comprehensive plan was merely a policy document setting forth recommendations for future action, not an actual plan for development of specific land, “[a]ny environmental harm which might befall the petitioner[s] . . . [was] purely speculative,” and no “ ‘actual, concrete injury’ ” was inflicted (Matter of Alamit Props. Co. v Planning Bd. of Town of Harrison, 159 AD2d at 704, quoting Church of St. Paul & St. Andrew v Barwick, 67 NY2D at 519; see Red Wing Props., Inc. v Town of Milan, 71 AD3d 1109, 1110-1111 [2010]). Accordingly, the Supreme Court correctly determined that the matter was not ripe for review.
In light of the foregoing, we need not reach the parties’ remaining contentions. Dillon, J.E, Angiolillo, Dickerson and Cohen, JJ., concur.