Matter of Rosado-Ciriello v Board of Educ. of the Yonkers City Sch. Dist. (2023 NY Slip Op 04384)

Matter of Rosado-Ciriello v Board of Educ. of the Yonkers City Sch. Dist.

2023 NY Slip Op 04384

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-01366
 (Index No. 60109/20)

[*1]In the Matter of Samantha Rosado-Ciriello, etc., et al., appellants, 
v
Board of Education of the Yonkers City School District, et al., respondents.

Robert T. Reilly, New York, NY (Michael J. Del Piano and Christina M. French of counsel), for appellants.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains, NY (Robert A. Spolzino, Joanna M. Topping, Marissa Vitolo, and Mark Goreczny of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review an alleged determination of the respondents dated August 25, 2020, and in the nature of mandamus, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (David S. Zuckerman, J.), entered December 14, 2020. The order and judgment granted the respondents' cross-motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, in effect, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioners commenced this proceeding pursuant to CPLR article 78 to review an alleged determination of the respondents dated August 25, 2020, and to compel the respondents to consider telework as a viable work accommodation for the respondents' members. The respondents cross-moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. In an order and judgment entered December 14, 2020, the Supreme Court granted the respondents' cross-motion, in effect, denied the petition, and dismissed the proceeding. The petitioners appeal.
CPLR 7801 provides that "a proceeding under this article shall not be used to challenge a determination . . . which is not final." In this context, "the concepts of finality and ripeness are 'closely related,' such that for an administrative determination to be final, and thus justiciable, it must be ripe 'for judicial review'" (Matter of Village of Kiryas Joel v County of Orange, 181 AD3d 681, 685, quoting Matter of Ranco Sand & Stone Corp. v Vecchio, 27 NY3d 92, 98). "Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties" (Matter of Village of Kiryas Joel v County of Orange, 181 AD3d at 685 [internal quotation marks omitted]).
"For a challenge to administrative action to be ripe, the administrative action sought [*2]to be reviewed must be final, and the anticipated harm caused by the action must be direct and immediate" (Matter of Boyajian v Village of Ardsley, Zoning Bd. of Appeals, 210 AD3d 1079, 1081 [internal quotation marks omitted]). "'An administrative determination becomes 'final and binding' when two requirements are met: completeness (finality) of the determination and exhaustion of administrative remedies'" (Matter of Village of Kiryas Joel v County of Orange, 181 AD3d at 685, quoting Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194). "'First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be . . . significantly ameliorated by further administrative action or by steps available to the complaining party'" (Matter of Village of Kiryas Joel v County of Orange, 181 AD3d at 685, quoting Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34).
Here, the alleged determination of the respondents challenged by the petitioners was an email dated August 25, 2020. Contrary to the petitioners' contention, the alleged determination was not final and binding because it did not inflict concrete harm (see Matter of Boyajian v Village of Ardsley, Zoning Bd. of Appeals, 210 AD3d at 1081). Instead, further steps, including the submission of applications with supporting documents, were available to the petitioners' members who were seeking telework accommodations (see id.; Matter of Village of Kiryas Joel v County of Orange, 181 AD3d at 685).
To the extent that the petitioners' cause of action in the nature of mandamus to compel the respondents to consider telework as an accommodation remains justiciable (see Executive Order [A. Cuomo] No. 210 [9 NYCRR 8.210]), mandamus "is an extraordinary remedy that, by definition, is available only in limited circumstances" (Klostermann v Cuomo, 61 NY2d 525, 537). The remedy of mandamus "will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought" (Matter of Wyche v Haywood-Diaz, 206 AD3d 748, 750). Further, "the remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involve[s] an exercise of judgment or discretion. A discretionary act involves the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (Matter of Mensch v Planning Bd. of the Vil. of Warwick, 189 AD3d 1245, 1247-1248 [citations and internal quotation marks omitted]; see New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184). Here, since the petitioners failed to establish that there existed a clear legal right to the relief sought and, instead, sought to compel conduct involving the application of the discretion and judgment of the respondents, the remedy of mandamus is not available.
Accordingly, the Supreme Court properly granted the respondents' cross-motion, in effect, denied the petition, and dismissed the proceeding.
We need not address the parties' remaining contentions in light of our determination.
DUFFY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court