Matter of Phaire v Mayor of N.Y. City (2025 NY Slip Op 04483)

Matter of Phaire v Mayor of N.Y. City

2025 NY Slip Op 04483

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-08167
 (Index No. 863/22)

[*1]In the Matter of Chaka Phaire, appellant, 
v
Mayor of New York City, et al., respondents.

Leavitt, Kerson & Sehati, Forest Hills, NY (Paul E. Kerson of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Richard Dearing, Melanie T. West, Philip W. Young, and Amy McCamphill of counsel), for respondents Mayor of New York City, Department of Education of the City of New York, Community School District 16 of the Department of Education of the City of New York, Commissioner of New York City Department of Mental Hygiene, and New York City Department of Mental Hygiene.
Robert T. Reilly, New York, NY (Eric W. Chen of counsel), for respondent United Federation of Teachers.

DECISION & ORDER
In a proceeding pursuant to article 78 to review a determination of the Department of Education of the City of New York dated February 15, 2022, which terminated his employment for failure to comply with a vaccine mandate, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Gina Abadi, J.), dated August 9, 2023. The order and judgment (1) granted that branch of the motion of the respondent United Federation of Teachers which was pursuant to CPLR 3211(a) to dismiss the petition, (2) granted that branch of the cross-motion of the respondents Mayor of New York City, Department of Education of the City of New York, Community School District 16 of the Department of Education of the City of New York, Commissioner of New York City Department of Mental Hygiene, and New York City Department of Mental Hygiene which was pursuant to CPLR 3211(a) to dismiss the petition, and (3) denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The petitioner is a former tenured teacher and social worker for the respondent Department of Education of the City of New York (hereinafter the DOE). On September 15, 2021, the New York City Commissioner of Health and Mental Hygiene issued an order (hereinafter the vaccine mandate) requiring, among others, DOE employees who worked in person to undergo COVID-19 vaccination and provide proof of such vaccination.
On October 1, 2021, the petitioner submitted a request for a religious exemption to the vaccine mandate. One week later, the DOE denied the petitioner's request. By letter dated February 15, 2022, the DOE notified the petitioner that his employment had been terminated. By [*2]letter dated August 22, 2022, the DOE offered the petitioner the opportunity to be re-hired and to return to employment provided that he became fully vaccinated.
In December 2022, the petitioner commenced this proceeding, pro se, pursuant to CPLR article 78 to review the DOE's determination terminating his employment. The respondent United Federation of Teachers (hereinafter the UFT) moved, inter alia, pursuant to CPLR 3211(a) to dismiss the petition, contending that the proceeding was time-barred. The DOE and the respondents Mayor of New York City, Community School District 16 of the DOE, Commissioner of New York City Department of Mental Hygiene, and New York City Department of Mental Hygiene (hereinafter collectively the City respondents) cross-moved, among other things, pursuant to CPLR 3211(a) to dismiss the petition, contending that the proceeding was time-barred. By order and judgment dated August 9, 2023, the Supreme Court granted that branch of the motion of the UFT and that branch of the cross-motion of the City respondents, denied the petition, and dismissed the proceeding. The petitioner appeals.
"A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (Matter of Andrews v Incorporated Vil. of Freeport, 221 AD3d 809, 810; see CPLR 217[1]; Matter of Walshe v New York State Unified Ct. Sys. Off. of Ct. Admin., 230 AD3d 507, 508). "A[ ] . . . determination becomes 'final and binding' when two requirements are met: completeness (finality) of the determination and exhaustion of administrative remedies" (Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194; see Matter of Rosado-Ciriello v Board of Educ. of the Yonkers City Sch. Dist., 219 AD3d 839, 840-841).
Here, the DOE's determination terminating the petitioner's employment became final and binding no later than five days after the letter dated February 15, 2022, was mailed (see CPLR 2103[b][2]; [c]). Since the petition was filed in December 2022, the proceeding was untimely (see id. § 217[1]).
Contrary to the petitioner's contention, the letter dated August 22, 2022, did not reset or extend the four-month statute of limitations. Communications from an administrative body may extend the statute of limitations "when an administrative body itself creates ambiguity and uncertainty" (Mundy v Nassau County Civ. Serv. Commn., 44 NY2d 352, 358). Here, the August 22, 2022 letter was neither a new determination by the DOE nor a partial reversal of the DOE's earlier determination terminating the petitioner's employment and did not create any ambiguity or uncertainty. In addition, the petitioner did not receive the August 22, 2022 letter until after the statute of limitations had already expired. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding (see Matter of Walshe v New York State Unified Ct. Sys. Off. of Ct. Admin., 230 AD3d at 508-509; Matter of Hepco Plumbing & Heating v New York City Dept. of Bldgs., 227 AD3d 903, 904-905).
In light of our determination, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court