Matter of 1876 Bleecker St, Inc. v New York City Dept. of Fin. (2026 NY Slip Op 01051)

Matter of 1876 Bleecker St, Inc. v New York City Dept. of Fin.

2026 NY Slip Op 01051

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-08501
 (Index No. 711778/22)

[*1]In the Matter of 1876 Bleecker St, Inc., respondent,
vNew York City Department of Finance, et al., appellants.

Steven Banks, Corporation Counsel, New York, NY (Andrea M. Chan, Edan Burkett, and Adam C. Dembrow of counsel), for appellants.
Michael Bailey, Brooklyn, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review an alleged determination of the New York City Department of Finance dated May 17, 2022, the New York City Department of Finance, Preston Niblack, and the City of New York appeal from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered June 15, 2023. The order, in effect, remitted the matter to the New York City Department of Finance for an administrative hearing.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
On June 3, 2022, the petitioner commenced this proceeding pursuant to CPLR article 78, seeking to cancel all taxes imposed on certain real property for the period of July 1, 2015, through June 30, 2022. The petition alleged, inter alia, that the respondent New York City Department of Finance (hereinafter DOF) mischaracterized the property for real property tax purposes "as Tax Class 2A, 4 — 6 Units," when in reality the property "contained no dwelling units" during the relevant time period due to an order issued in 2017 by the New York City Department of Buildings (hereinafter DOB) that prohibited any person from occupying the property. The petition alleged that the petitioner submitted a request for a redetermination of taxes pursuant to Administrative Code of the City of New York § 11-206, which purportedly challenged DOF's classification of the property in light of DOB's directive. The petition further alleged that DOF issued a written determination on or about May 17, 2022, denying the petitioner's request. The evidence submitted in support of the petition did not include either a copy of the DOF determination that was allegedly issued on May 17, 2022, or the petitioner's request that was allegedly denied.
The respondents interposed an answer in which they denied the allegations in the petition regarding the existence of a determination allegedly issued on May 17, 2022, or the request that it allegedly denied. The evidence submitted with the respondent's answer reflected that DOF issued a written determination on June 6, 2022, three days after this proceeding was commenced, [*2]wherein DOF denied an application by the petitioner relating to issues entirely different from those raised in this proceeding. The respondents contended, among other things, that the petitioner was improperly seeking judicial review of a claim that the petitioner never asked DOF to review.
In an order entered June 15, 2023, the Supreme Court, in effect, remitted the matter to DOF for an administrative hearing. The respondents appeal.
Generally speaking, only a final administrative determination is reviewable in a CPLR article 78 proceeding (see CPLR 7801[1]; Matter of Rosado-Ciriello v Board of Educ. of the Yonkers City Sch. Dist., 219 AD3d 839, 840-841; Matter of Schaefer v Legislature of Rockland County, 112 AD3d 642, 643). "'An administrative determination becomes "final and binding" when two requirements are met: completeness (finality) of the determination and exhaustion of administrative remedies'" (Matter of Village of Kiryas Joel v County of Orange, 181 AD3d 681, 685, quoting Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194). Here, the petitioner failed to demonstrate that it was seeking review of a final administrative determination. Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding (see Matter of Rosado-Ciriello v Board of Educ. of the Yonkers City Sch. Dist., 219 AD3d at 840-841; Matter of 999 Hempstead Turnpike, LLC v Board of Appeals of the Town of Hempstead, 207 AD3d 716, 718-719).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court